In Re: Application for Building Permit by Fernando Pierorazio and Concettina Pierorazio, his wife, in Spring Township, Berks County, Pennsylvania. Fernando Pierorazio and Concettina Pierorazio, Appellants.

Argued June 6, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Brett A. Huckabee,* with him *Joseph E. DeSantis, DeSantis & Koch,* for appellants.

*David A. Binder,* with him *Norman E. Dettra, Jr.,* for appellees.

OPINION BY JUDGE WILLIAMS, JR., September 3, 1980:

This zoning case arose when the instant appellants, Fernando and Concettina Pierorazio, were denied a building permit to expand their mushroom cultivation facility in Spring Township, Berks County. They appealed that denial to the township zoning hearing board and in the alternative requested that body to grant a variance to permit the expansion. The zoning board denied relief on both counts. The Court of Common Pleas of Berks County, without taking additional evidence, affirmed the decision of the zoning board. The appeal to this Court followed.

The key background facts are as follows: In August 1972 the appellants acquired a 3.468 acre parcel

of land in the township.[1] In that same month they applied for a variance from the then existing zoning requirements, to erect two mushroom houses on that property. That application was denied; however, in the course of ensuing litigation they were granted that variance by stipulation, in 1973. As a result, the Pierorazios were permitted to build their present facility, consisting of two mushroom houses.

In 1975 Spring Township amended its zoning ordinance. The zoning board and the lower court construed the amended ordinance as permitting mushroom houses in "R-1" districts only by special exception and barring them completely in "R-2" districts.[2] The property on which the appellants built their original two mushroom houses is partly in an "R-1" district and partly in an "R-2" district. Indeed, the divisional line separating the two zoning districts runs diagonally across the appellants' existing facility.

In August 1977, the appellants applied to the township building inspector for a building permit: to construct *two additional* mushroom houses on the property. They proposed to attach one new unit on each side of the existing structure or, in the alternative, to attach two new units on one side. The building inspector denied the permit, giving as one of the reasons the failure of the proposed structures to satisfy the 200 foot set back requirement of the zoning ordinance.[3]

The zoning board, and the lower court in affirming its decision, concluded that the appellants had not shown an "unnecessary hardship" as to be entitled to a variance under Section 912 of the Pennsylvania Mu-

---

[1] In 1976 the appellants acquired an adjacent parcel of land consisting of 1.609 acres; and in 1977 they acquired another adjacent parcel consisting of 3.06 acres.

[2] Spring Township Zoning Ordinance, §§401.1, 401.3, 402.1, 512.2.

[3] §§804.4, 804.4(a).

nicipalities Planning Code.[4] That conclusion was based on the testimony of appellant Fernando Pierorazio as to his sole reason for requesting a variance: he needed it to expand to meet an increased demand for mushrooms and to make more money.

It is well settled that economic or financial hardship is not sufficient to establish an "unnecessary hardship" as to justify the grant of a variance. *E.g., Kollock v. Zoning Board of Adjustment of Philadelphia*, 27 Pa. Commonwealth Ct. 624, 367 A.2d 339 (1976). Simply because an owner of land can earn more money does not justify the grant of a zoning variance. *Campbell v. Zoning Hearing Board of Plymouth Township*, 10 Pa. Commonwealth Ct. 251, 310 A.2d 444 (1973).

The appellants raise an argument which at first glance seems self-defeating. They argue that the dimensional requirements of the zoning ordinance have no application to their mushroom facility, *asserting that the ordinance actually prohibits mushroom houses in both "R-1" and "R-2" districts.*[5] However, the appellants use that contention as the sophisticated frame for a further argument: that the prohibition of any mushroom houses has rendered their existing facility a prior nonconforming use which they are entitled to expand.

We have recognized that a need to expand a prior nonconforming use to meet the dictates of business can, in some circumstances, constitute a hardship to warrant the grant of a variance. *Hempfield Township*

---

[4] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10912.

[5] Section 512.2 of the Zoning Ordinance specifically prohibits mushroom houses. The appellants read that section as eliminating mushroom houses from the agricultural uses than can be permitted by special exception in an "R-1" district, and not just a prohibition for "R-2" districts. Even if correct in that construction, it would not entitle the appellants to a variance or to expand their facility.

*Appeal,* 34 Pa. Commonwealth Ct. 341, 383 A.2d 1286 (1978). However, that principle can have no application in the instant case; because the appellants' existing facility does not qualify as a "prior nonconforming use" in a legal sense. The record clearly establishes that the two existing mushroom houses were erected pursuant to a variance from the then existing zoning ordinance. This Court held in *Schaffer v. Zoning Hearing Board of Upper Darby Township,* 32 Pa. Commonwealth Ct. 261, 378 A.2d 1054 (1977), that allowances by variance do not create nonconforming uses and that a use allowed by a variance is not one upon which a right of extension may be erected as though it were a nonconforming use.

As a final matter, we do not find that the zoning board violated the "Sunshine Law"[6] in rendering its decision in this case. The record establishes that a public hearing was held on December 21, 1977 and the decision announced at another, advertised public hearing on February 3, 1978, clearly within the 45 days prescribed by the "Sunshine Law." The fact that the zoning board supplied the appellants with a copy of the decision a few hours before the final public hearing, did not negate the compliance that took place at the hearing. We see no basis for the appellants' contention that it did.

For the reasons set forth, we affirm the order of the lower court.

### ORDER

AND Now, the 3rd day of September, 1980, the order of the Court of Common Pleas of Berks County dated March 6, 1979, at No. 166 of March Term 1978, is affirmed.

---

[6] Act of July 19, 1974, P.L. 486, §§1 et seq., *as amended,* 65 P.S. §§261 et seq. Also Section 908(9) of the Pennsylvania Municipalities Planning Code, 53 P.S. §10908(9).