Township of North Fayette, Petitioner *v.* Commonwealth of Pennsylvania, Richard L. Thornburgh, Governor et al., Respondents.

Argued September 17, 1981, before President Judge CRUMLISH and Judges CRAIG and MACPHAIL, sitting as a panel of three.

*Larry P. Gaitens, P.C.,* for petitioner.

*Andrew H. Cline,* Assistant Counsel, with him *Robert W. Cunliffe,* Deputy to Chief Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondents.

OPINION BY JUDGE MACPHAIL, October 26, 1981:

The Township of North Fayette (Township) has filed a petition for review in our original jurisdiction seeking to enjoin the Respondents[1] preliminarily and permanently from rerouting vehicular traffic over a designated route (L.R. 257) while repairs are being made to bridges on U.S. Routes 22 and 30 in the Township. On March 12, 1981, this Court denied preliminary relief. An appeal from that order to our Supreme Court has been discontinued.

Before us now is Respondents' preliminary objection alleging that Township lacks standing to bring this suit.[2] Respondents' attack upon the Township's standing is two-fold: 1) the Township has no standing to maintain the action on behalf of its residents or taxpayers and 2) the Township has no standing to maintain the action on its own behalf. As we understand Township's argument and brief, it does not contend that it brought this action on behalf of its residents and taxpayers, notwithstanding the fact that several of the allegations in the petition for review might indicate to the contrary. Accordingly, we will narrow the issue to a determination of whether the Township has standing to bring this action in its own right, *i.e.,* in furtherance of its governmental functions.

The petition for review alleges in substance that if the Respondents implement their planned detour dur-

[1] Commonwealth of Pennsylvania, Richard L. Thornburgh, Governor of Pennsylvania; Department of Transportation, Thomas D. Larson, Secretary, and Roger Carrier, District Engineer.

[2] Respondents filed two preliminary objections; one alleging lack of standing to bring this action and the other a demurrer. At oral argument, the Respondents withdrew the demurrer.

ing the reconstruction project, serious safety hazards will arise by reason of the fact that the alternate route has insufficient capacity to handle the anticipated volume of traffic, inadequate traffic control devices, and several heavily traveled intersecting township roads. The Township avers that it is charged with the statutory responsibility of defending and protecting the safety of its inhabitants. Indeed, Section 702 of The Second Class Township Code (Code), Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §65747 does provide, *inter alia,* that the Township has the power "[t]o take all needful means for securing the safety of persons or property within the township." In the instant proceeding, Township contends that it has neither the human nor the financial resources to fulfill that governmental function with respect to the proposed detour.

Respondents counter that Section 423 of the State Highway Law (Act), Act of June 1, 1945, P.L. 1242, *as amended,* 36 P.S. §670-423, imposes upon the Department of Transportation (DOT) the duty to designate and layout detours *and* to maintain detours in a *safe* and passable condition. Furthermore, Respondents contend that this duty devolves upon DOT, an agency of the sovereign, *i.e.* the Commonwealth, and that the Township as a political subdivision of the sovereign, has no standing to challenge the actions of its creator. *Philadelphia v. Fox,* 64 Pa. 169 (1870).

In *Strasburg Associates v. Newlin Township,* 52 Pa. Commonwealth Ct. 514, 415 A.2d 1014 (1980) the Environmental Hearing Board (EHB) had held that Newlin Township had standing to challenge the action of the Department of Environmental Resources (DER) with respect to a sanitary land-fill permit. EHB ruled that the DER's action could prospectively affect the municipality's responsibilities and that an unlawful grant of a permit would more directly affect

the municipality than its individual citizens because the municipality would be called upon as a last resort to remedy any threat to the public health, welfare or safety that might be created within the municipality's jurisdiction. Our Court, in reversing EHB, applied the basic principles of standing as enumerated by our Supreme Court in *William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975) to Newlin Township's circumstances and concluded that the municipality fell short of meeting those standards.

We believe a similar analysis produces a similar result in the instant case. Specifically, *William Penn* held that before an aggrieved party could prevail in litigation it must show that its interest in the subject matter of the litigation was substantial, immediate and direct. "Substantial" means "some discernible adverse effect to some interest other than the abstract interest of all citizens in having others comply with the law", *William Penn,* 464 Pa. at 195, 346 A.2d at 282; "direct" means "that the person claiming to be aggrieved must show causation of the harm to his interest by the matter of which he complains", *Id.* at 195, 346 A.2d at 282; and "immediate" means something other than a remote consequence, the concern being focused on the nature and proximity of the action and injury to the person challenging it. *Id.* at 197, 346 A.2d at 283.

Here, as in *Strasburg,* the Township has failed to demonstrate that its interest in the subject matter is substantial, direct or immediate. The statutory authority for highway safety on alternate routes used as detours is vested by the Act in DOT, not the Township. The responsibility of DOT is not limited to the Township's citizens but to the public interest at large. Thus, as in *Strasburg,* the Township has failed to show that the alleged injury has adversely affected its mu-

nicipal responsibility to carry out local government functions. Furthermore, while the Township insists that dire consequences will result from DOT's actions, in fact, nothing has happened. In this regard, we said in *Strasburg,* 52 Pa. Commonwealth Ct. at 522, 415 A.2d at 1017:

> Further, we can find no reasonable grounds for standing where interests or injuries are hypothetical in nature.

It follows then that while the Township has the power to do what is necessary to protect the safety of its citizens, a suit against the Commonwealth in this case is not a proper exercise of that power. Such a result does not leave the citizens of the Township defenseless. *Persons* who may be prejudiced by the failure of DOT to assure that the detour is safe and passable may assert their individual rights against the Commonwealth. *Township of Upper Moreland v. Department of Transportation,* 48 Pa. Commonwealth Ct. 27, 409 A.2d 118 (1979).[3] The Township still has the power to protect its citizens but may not interefere with a proper governmental function of the Commonwealth in order to do so.

The practical consequences of a result contrary to that we have reached must also be considered. Township insists that there is a better alternative to the detour route selected by DOT. If Township was permitted to challenge DOT's exercise of its statutory

---

[3] It is true that the author of this opinion in denying the preliminary injunction sought by Township, cited *Upper Moreland* as authority for the court to deny standing to Township. Township argues that *Upper Moreland* is inapplicable here because the Township of Upper Moreland sued as a "fiduciary of the public interest". Here, as we have noted, Township insists that it is not suing in behalf of its citizens but rather in its governmental capacity. There may be a fine line of demarcation between the nature of the suit in *Upper Moreland* and that before us now, but whatever the nature of the Township's suit here it still lacks standing to sue.

authority here, then any political sub-division could exercise the same prerogative with respect to any future decision of DOT in the selection of a detour route. This would cause countless delays in necessary road projects and open the gates to a flood of litigation in the courts which now are barely able to keep their heads above water. We conclude that such a consequence must be avoided.

The Respondents' preliminary objection will be sustained.

ORDER

AND Now, this 26th day of October, 1981 the Respondents' preliminary objection to the standing of the Township of North Fayette to maintain this action is sustained and the petition is dismissed.