Ezy Parks, Inc. et al., Petitioners *v.* Thomas D. Larson et al., Respondents.

Argued November 20, 1981, before Judges WIL-
LIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel
of three.

*Michael Sklaroff,* with him, *Stanley M. Shingles,
Schnader, Harrison, Segal & Lewis,* for petitioners.

*Andrew H. Cline,* Assistant Counsel, with him,
*Alexander V. Sarcione,* Assistant Chief Counsel, *Ward
T. Williams,* Chief Counsel, and *Jay C. Waldman,* Gen-
eral Counsel, for respondents.

OPINION BY JUDGE WILLIAMS, JR., January 19, 1982:
This Petition for Review in the nature of a complaint in equity was filed to the original jurisdiction[1] of this Court by lessees of certain properties located along Vine Street in Philadelphia. Petitioners pray that we enjoin the Commonwealth of Pennsylvania, Department of Transportation (PennDOT) from entertaining bids for leases on the premises, and declare the improvements on the properties to be personalty of petitioners, or, in the alternative, award damages to petitioners for the value of their leasehold estates and business accoutrements. Presently before us are preliminary objections to the petition, in which Penn-DOT (1) raises a question of jurisdiction, asserting that the petitioners have an adequate and exclusive remedy at law,[2] (2) argues that the petitioners lack standing, since they are suing as prospectively disappointed bidders and not as taxpayers, and (3) demurs to the allegations of the petition.

In ruling on preliminary objections, we bear in mind that such pleading admits as true all well-pleaded facts, and all inferences which may reasonably be deduced therefrom. *Department of Transportation v. Pennsylvania Power and Light Co.*, 34 Pa. Commonwealth Ct. 594, 383 A.2d 1314 (1978). The facts asserted in the Petition for Review indicate that the properties in question were condemned to prepare for the construction of the proposed Vine Street Expressway. Some petitioners are condemnees-in-possession; others acquired their leaseholds through competitive bidding, negotiations, and/or court settlements.

During the several years that the lessees have rented the premises, which are lucrative downtown park-

---

[1] 42 Pa. C. S. §761.

[2] Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. §4651-1 *et seq.*

ing lots, PennDOT has unilaterally raised the rental amount, and the lessees have paid same, allegedly with the stated understanding that the leaseholds would remain theirs until the purpose for which the land was condemned was undertaken.

The petition further indicates that, although both parties to the leases went through the formality of signing the leasing documents on a regular basis, there were oral agreements, frequently made and often-reaffirmed, by which PennDOT officials assured petitioners that their tenure at the pertinent locations would continue until the proposed construction along Vine Street became imminent. In reliance upon those assurances, the lessees made improvements to the parking lots, listed in Exhibit X, which include the installation of blacktop, bumper blocks, ticket splitters, peripheral boundary walls, electrical fixtures, and shelters for lot attendants.

The bid instructions issued by PennDOT stated that the bid would be

> for land only, and that all personal property on the premises is assumed to be owned by the present occupant; whether the same be personalty, improvements to the land, or trade fixtures. However, as between PennDOT and present occupant, PennDOT reserves the right to take the position that certain items affixed to the premises are permanent improvements and therefore, the property of PennDOT.

However, petitioners allege that some PennDOT representatives informed individuals who inquired at the published telephone numbers, prior to bidding, that the improvements on the lots were included in the bid offering.

Assuming, as is required by the procedural posture of this case, that such allegations are true, we turn to the preliminary objections of the respondent. Al-

though the petitioners have alleged that they are Pennsylvania taxpayers, PennDOT argues that the bare allegation of such status is insufficient to confer standing, since the real basis upon which they have brought suit is to forestall the loss of their businesses. A potentially disappointed bidder, PennDOT theorizes, cannot be imbued with the standing[3] to challenge any award[4] of bids, and therefore, petitioners do not have the capacity to sue. In arguing that point to the Court, the respondent directs the Court's attention to the "common standard"[5] required for the effective offer of a public bid. The lack of this common standard, although not expressed in the words of art, is the foundation for petitioners' theory that the nebulous wording of the bid offering, or the conflicting interpretation by PennDOT representatives of that wording, present, at minimum, the appearance that they are one class of bidders, and non-tenants are another. This dichotomy is created because the non-tenant bidders do not have to, in some fashion, make allowance for PennDOT's "reservation" of the right to challenge the ownership interest of the valuable trade fixtures, improvements, and personalty on the properties at issue. Petitioners are thus challenging the award of bids because they are challenging the legal substance of an effectively amorphous bid offering. Their objection to that substance is premised on the obvious fact that they, not as taxpayers, but as present lessees,

---

[3] PennDOT notes that, in this instance, the bidding revolves around the production of non-tax revenue, rather than the depletion of the public fisc.

[4] This suit was filed prior to the opening or award of any of the bids.

[5] See *Steppacher v. Bradley*, 73 Dauph. 373 (1959), cited in *Altemose v. The Pennsylvania Higher Educational Facilities Authority*, 7 Pa. Commonwealth Ct. 596, 300 A.2d 827 (1973). The common standard applies both to the tangibles encompassed by the bid instructions, and to the prospective bidders.

will be most damaged by an illegal award to another entity of the property upon which they conduct their businesses.[6]

Having resolved the issue of standing in petitioners' favor, we turn to the question of the jurisdiction of this Court to preside over the case, in light of the alleged adequate and alternative remedy of an action before the Board of Claims. That potential action will not be ripe for litigation until a bid is awarded to someone other than a petitioner in the case presently before the Court. Claims arising out of contract are within the exclusive jurisdiction of the Board of Claims. *Vespaziani v. Department of Revenue,* 40 Pa. Commonwealth Ct. 54, 396 A.2d 489 (1978). Therefore, insofar as claimant/petitioners seek damages, the Court acknowledges that this is not the proper forum to pursue such a remedy, and dismisses that portion of the complaint. However, insofar as the relief sought is the permanent injunction of the awarding of bids on an offer which is alleged to have no common standard applicable to both tenant/bidders and non-tenant/bidders, the petitioners have sought relief from an appropriate forum, and the preliminary objections to jurisdiction are dismissed.

Other issues raised in respondent's brief, but not stated in the pleading which its brief supports, *i.e.* the preliminary objections, have not been considered by the Court, as being irrelevant to the procedural level of the case.

## ORDER

AND Now, this 19th day of January, 1982, the preliminary objections of the respondent Commonwealth of Pennsylvania, Department of Transportation, in the

---

[6] The position of the Court on this issue might well have been different had the petitioners waited until after the award of bids to contest the application of the offering language.

nature of a demurrer and an objection to petitioners' capacity to sue are dismissed. The preliminary objection to jurisdiction is dismissed insofar as it relates to the injunctive aspects of the action, and is sustained insofar as it relates to the petitioners' alternative prayer for damages.

Petitioners are hereby given leave to amend their petition to delete the improper portions, in a manner consistent with this Opinion.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.