Kenneth D. Baldinger, Petitioner *v.* Commonwealth of Pennsylvania, H. Arnold Muller, M.D., in his official capacity as Secretary of the Department of Health of the Commonwealth of Pennsylvania et al., Respondents.

Argued September 13, 1984, before Judges MacPhail, Colins and Blatt, sitting as a panel of three.

*Thomas J. Schuchert,* with him, *Shirley Novak, Thomas Schuchert & Associates,* and *Martin W. Sheerer,* for petitioner.

*James J. Kutz,* Deputy Attorney General, with him, *Christine Dutton,* Assistant Counsel, *Allen C. Warshaw,* Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE MACPHAIL, October 29, 1984:

Kenneth D. Baldinger (Petitioner) has filed a class action complaint in equity in our original jurisdiction seeking, *inter alia,* to enjoin Respondents[1] from utilizing the Breathalyzer 1000 until Respondents have complied with statutory requirements which would assure the accuracy of that equipment. The action is also brought pursuant to Section 1983 of the Federal Civil Rights Act, 42 U.S.C. §1983 (1982). Respondents have filed preliminary objections.

Petitioner avers that on May 7, 1983, he was arrested for the offense of driving under the influence of alcohol.[2] At the time of the arrest Petitioner consented to and was administered a breath test for the purpose of determining the concentration of alcohol in his blood. The testing device used was the Breathalyzer 1000 manufactured by Smith & Wesson, Inc. The blood alcohol content of Petitioner as measured by the Breathalyzer 1000 was .13%.[3] This result is admissible in evidence.[4]

Petitioner further avers that the susceptibility of the Breathalyzer 1000 to radio frequency interference

---

[1] The named Respondents are the Commonwealth of Pennsylvania; H. Arnold Muller, M.D., in his capacity as Secretary of the Department of Health of the Commonwealth; and Thomas Larson, in his capacity as Secretary of the Department of Transportation of the Commonwealth.

[2] Section 3731 of the Vehicle Code, 75 Pa. C. S. §3731. At argument we were informed that Petitioner has since been acquitted and that the Breathalyzer results were suppressed.

[3] Section 3731(a)(4) of the Vehicle Code, 75 Pa. C. S. §3731 (a)(4) provides that a person has committed the offense of driving under the influence of alcohol when "the amount of alcohol by weight in the blood of the person is 0.10% or greater."

[4] Section 1547(c) of the Vehicle Code, 75 Pa. C. S. §1547(c).

(RFI) renders results obtained from use of the machine invalid unless appropriate precautionary measures are taken to lessen this susceptibility to RFI. On September 10, 1982, Smith & Wesson, Inc. distributed an advisory to users of the Breathalyzer 1000 acknowledging the machine's susceptibility to RFI and setting forth methods by which the susceptibility of a given machine may be determined. A test report submitted by the National Bureau of Standards to the National Highway Traffic Safety Administration dated May 25, 1983, confirmed that the Breathalyzer 1000 is susceptible to RFI. The effect of RFI varies from machine to machine depending upon the conditions of use.

The responsibility of the Departments of Health and Transportation in regard to chemical testing of the breath of a person charged with a violation of Section 3731 of the Vehicle Code is set forth in Section 1547(c)(1) of the Vehicle Code, 75 Pa. C. S. §1547(c)(1), which provides in pertinent part as follows:

> Chemical tests of breath shall be performed on devices approved by the Department of Health using procedures prescribed jointly by regulations of the departments (sic) of Health and Transportation. Devices shall have been calibrated and tested for accuracy within a period of time and in a manner specified by regulations of the Departments of Health and Transportation. . . . A certificate or log showing that a device was calibrated and tested for accuracy and that the device was accurate shall be presumptive evidence of those facts in every proceeding in which a violation of this title is charged.

Petitioner avers that the Departments of Health and Transportation have failed to comply with this mandate. Specifically, regulations to ensure the accuracy of breath testing devices do not exist and no breath machines used for evidentiary purposes within the Commonwealth have ever been tested for accuracy or electromagnetic interference by the Departments or any other agency of the Commonwealth. Calibration of the breath testing devices is performed by a member of the police force using the machine or by maintenance personnel of another government agency. Breathalyzer 1000 devices are not regularly checked for RFI.

As a result of the above circumstances, Petitioner avers that RFI causes the Breathalyzer 1000 to produce results which lack reliability, are incorrect, and have and will result in wrongfully subjecting Petitioner to criminal process and various other detrimental occurrences.

Petitioner brings this action on behalf of a class which includes all persons (1) who have been convicted through the use of the results of Breathalyzer 1000 testing (2) who are presently undergoing criminal prosecution which includes use of the results of Breathalyzer 1000 testing and (3) who may in the future be subject to criminal prosecution based upon the results of Breathalyzer 1000 testing. He seeks class certification under Pa. R.C.P. No. 1702.

Respondents raise five preliminary objections. For the purpose of ruling on these preliminary objections Petitioner's well and clearly pleaded facts as well as inferences fairly deducible therefrom are accepted as true. *Ezy Parks, Inc. v. Larson,* 64 Pa. Commonwealth Ct. 164, 439 A.2d 885 (1982).

We will consider the preliminary objections seriatim.

I. The Existence of an Adequate Remedy at Law

Respondents correctly assert that an action in equity will not lie when an adequate remedy at law exists. *Clark v. Pennsylvania State Police,* 496 Pa. 310, 436 A.2d 1383 (1981). Respondents would have us find that Petitioner has an adequate remedy at law available to him within the criminal process set in motion by his arrest and submission to testing with the Breathalyzer 1000. This we cannot do.

We hold that criminal prosecution and the remedies provided by the Pennsylvania Rules of Criminal Procedure cannot be adequate to deprive equity of jurisdiction. *See Harris-Walsh, Inc. v. Borough of Dickson City,* 420 Pa. 259, 216 A.2d 329 (1966).[5]

The existence of various means for Petitioner to construct a defense to a specific criminal charge does not oust equity of jurisdiction; to avail himself of those procedures Petitioner would have to submit to criminal prosecution. It is not the existence of *a* remedy but an *adequate* remedy which precludes the assumption of equitable jurisdiction. *Harris-Walsh, Inc.*

Moreover, Petitioner does not seek merely to suppress the results of a single test by the Breathalyzer 1000 in a single criminal prosecution. Respondents' objection based upon the availability of an adequate remedy at law will be overruled.

---

[5] In *Harris-Walsh, Inc.,* Harris-Walsh Inc., a mining company, sought to enjoin the enforcement of an ordinance regulating strip mining operations within the limits of the Borough of Dickson City. The ordinance in question provided for criminal penalties which the Court found might be construed as providing a remedy. Necessarily, the availability of this remedy was dependent upon submission to criminal prosecution, an alternative which we agree was inadequate.

## II. Standing

Respondents also object that those persons who have not yet been subjected to a test using a Breathalyzer 1000 have no standing to contest the issues raised by Petitioner. Again we must disagree.

Certainly, "a person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no standing to obtain a judicial resolution of his challenge." *William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 192, 346 A.2d 269, 280 (1975). In order to prevail an aggrieved party "must show that its interest in the subject matter of the litigation [is] substantial, immediate and direct." *Township of North Fayette v. Commonwealth,* 62 Pa. Commonwealth Ct. 242, 245, 436 A.2d 243, 245 (1981). "Substantial" means that "there must be some discernible adverse effect to some interest other than the abstract interest of all citizens in having others comply with the law." *William Penn,* 464 Pa. at 195, 346 A.2d at 282. "Direct" means "that the person claiming to be aggrieved must show causation of the harm to his interest by the matter of which he complains." *Id.* at 195, 346 A.2d at 282. In determining whether the interest is "immediate," the concern is focused "on the nature of the causal connection between the action complained of and the injury to the person challenging it." *Id.* at 197, 346 A.2d at 283.

We find that the class objected to by Respondents satisfies these criteria. The class interest raised by Petitioner is that those persons potentially subject to testing with the Breathalyzer 1000 are licensed drivers. Therefore, these persons have impliedly consented to chemical testing for the purpose of determining blood alcohol level. Section 1547(a) of the

Vehicle Code, 75 Pa. C. S. §1547(a). The results of such testing are admissible in a summary or criminal proceeding against the driver. Section 1547(c) of the Vehicle Code. These statutory concomitants of being a licensed driver in the Commonwealth provide this class of persons with a substantial interest in ensuring the reliability of the Breathalyzer 1000 and the accuracy of test results obtained from the Breathalyzer 1000.

This discussion also encompasses the issue of whether the interests of the class are suffficiently direct. We hold that they are by virtue of the relationship stated above. Petitioner seeks to have the Respondents fulfill their statutory duty to maintain the accuracy of the Breathalyzer 1000. Failure to do so with resultant unreliable and inaccurate test results directly impinges upon the interests of the class.

The final criterion is immediacy. While it is true that the members of the questioned class have not yet been subjected to testing with the Breathalyzer 1000, we will not require that persons actually submit themselves to criminal proceedings in order to challenge the failure of the Departments of Health and Transportation to fulfill their statutory mandate. *See City of Erie v. Northwestern Pennsylvania Food Council,* 14 Pa. Commonwealth Ct. 355, 364, 322 A.2d 407, 412 (1974).

Respondents' preliminary objection to standing will be overruled.

III.  Demurrer Based Upon Failure to State a Cause of Action for Which Relief May Be Granted

Respondents allege that Petitioner has failed to state a cause of action under Section 1983 of the Federal Civil Rights Act or any other applicable law.

We agree that Petitioner has failed to state a cause of action cognizable under Section 1983. Petitioner's complaint does not implicate a deprivation of constitutional rights but rather a question of state law. Petitioner's federal civil rights are sufficiently protected within the criminal proceeding.[6]

Nevertheless, Petitioner has averred sufficient facts to survive a demurrer. Petitioner maintains that Respondents have an official duty to comply with the Vehicle Code, 75 Pa. C. S. §§101-9909, and provide a reliable and accurate testing procedure for determining blood alcohol content. Assuming, as we must, that all the factual averments in the complaint are true, Petitioner has the right to seek redress for Respondents' failure to fulfill the mandatory statutory provisions.

We will sustain the demurrer as to Section 1983 of the Federal Civil Rights Act, but overrule it as to Petitioner's claims under state law.

## IV. Demurrer Based Upon Appropriateness of Class

Respondents also assert that a class action[7] in this matter is inappropriate. As to those persons who have been subjected to Breathalyzer 1000 testing but

---

[6] Respondents cogently argue that Petitioner was subjected to criminal proceedings because he was arrested for driving under the influence of alcohol. The arrest was a prerequisite to Breathalyzer testing. Continuance of criminal prosecution was not dependent upon the results of the Breathalyzer test, and Petitioner has the opportunity to contest the test during the criminal proceedings.

[7] Pa. R.C.P. No. 1702 provides that:

One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if

(1) the class is so numerous that joinder of all members is impracticable;

have not yet been convicted in a criminal proceeding in which said test result is being used, and those persons who have not yet been subjected to Breathalyzer testing we find that a class action suit may be appropriate.[8] As to those persons who have been convicted in a criminal proceeding in which the results of Breathalyzer 1000 testing were used, we find that a class action suit is inappropriate for reasons which we will discuss below in conjunction with our discussion of this Court's jurisdiction.

We have determined above that the remedy of submitting to criminal prosecution is not adequate as to Petitioner. This is equally true of the members of the class which he seeks to represent. In the present posture of the instant case we cannot say that a class action is inappropriate as a matter of law; therefore, we will overrule the preliminary objection.

### V.  Lack of Subject Matter Jurisdiction

Finally, Respondents maintain that this Court lacks jurisdiction in this matter. We must agree that as to those persons who have been previously convicted of criminal charges in proceedings in which the results of Breathalyzer 1000 testing was relied upon, this Court does not have jurisdiction. This

---

    (2) there are questions of law or fact common to the class;

    (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

    (4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

    (5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

[8] *See also* our discussion above in section II, Standing.

Court cannot act in an appellate capacity to review the criminal convictions of the persons in this class; this is a Court with civil jurisdiction except in the limited case of governmental and Commonwealth regulatory criminal matters, Section 761 of the Judicial Code, 42 Pa. C. S. §761. Moreover, we have consistently refused to permit civil cases in this Court to be the occasion for a collateral attack upon a criminal conviction. *See e.g., Bureau of Traffic Safety v. Kintigh,* 52 Pa. Commonwealth Ct. 12, 13, 415 A.2d 436, 436-37 (1980).

As to the other interests raised by Petitioner, this Court is the appropriate forum, with jurisdiction pursuant to Section 761 of the Judicial Code. Petitioner seeks relief predicated upon the averred failure of the Departments of Health and Transportation to comply with their statutory duty. Petitioner seeks, therefore, injunctive relief against the Respondents in their official capacity. Petitioner brings a civil proceeding in equity, and properly brings it in this Court. *See Ezy Parks, Inc.*

We will sustain the preliminary objection to jurisdiction as to those persons already convicted. This preliminary objection otherwise will be overruled.

## ORDER

The preliminary objections of the Respondents Commonwealth of Pennsylvania, Secretary of Health Muller and Secretary of Transportation Larson are hereby sustained as to Petitioner Baldinger's failure to state a cause of action under Section 1983 of the Federal Civil Rights Act, 42 U.S.C. §1983 (1982) and as to this Court's lack of jurisdiction regarding the criminal convictions of persons who were subjected to testing by the Breathalyzer 1000. The remainder of Respondents' preliminary objections are hereby

overruled as specifically stated in the accompanying opinion.

---

DISSENTING OPINION BY JUDGE COLINS:

I must respectfully dissent with the conclusion reached by the majority. The Pennsylvania Rules of Criminal Procedure and the constitutional guarantee of a fair trial provide an adequate remedy at law for the harm which petitioner alleges.

I agree with the majority opinion insofar as the discussions in Parts II, III, IV and V.