Pilot Oil Corporation, Appellant *v.* Zoning Hearing Board of West Hanover Township, Appellee.

Argued September 12, 1984, before Judges WILLIAMS, JR., CRAIG and DOYLE, sitting as a panel of three.

*C. Kent Price, Hepford, Swartz, Menaker & Morgan*, for appellant.

*F. R. Martsolf; Connelly, Martsolf & Reid*, for appellee.

OPINION BY JUDGE WILLIAMS, JR., November 5, 1984:

This is an appeal by Pilot Oil Corporation (Pilot) from an order of the Court of Common Pleas of Dauphin County which affirmed a zoning board decision denying it a variance.

Pilot holds an option to purchase a tract of land in West Hanover Township (Township) upon which it proposes to construct a convenience store and a self-service fueling station. The tract is located in a Commercial General zoning district. As defined by the West Hanover Township Zoning Ordinance (Ordinance), a Commercial General district imposes a sixty foot front yard requirement on structures although allowing gasoline pumps and service equipment to be located not less than twenty-five feet from the property line. Due to the location of the tract, it is subject to the sixty foot yard requirement on two sides, that side facing Linglestown Road (Pennsylvania Route 39) and that side facing Jonestown Road (old U.S. Route 22).

Pilot requested a variance from the Township to construct a canopy over the gasoline pumps it planned to have located on the side of the tract facing Linglestown Road. The canopy, from its point of junction with the convenience store, would extend thirty-three feet into the front yard leaving twenty-seven feet remaining to the property line. After a hearing, the zoning hearing board denied the variance. Pilot appealed that denial to the Court of Common Pleas of

Dauphin County which affirmed the denial on January 26, 1984.

Both in its appeal before the common pleas court and before this Court, Pilot contends that it is not required to obtain a variance to build its planned canopy and, in the alternative, it had carried its burden of proof before the zoning hearing board so as to be entitled to the variance. Our scope of review in zoning cases where the common pleas court took no additional testimony is limited to a determination of whether the zoning board abused its discretion or committed an error of law.[1] *Kuhl v. Zoning Hearing Board of Green Township,* 52 Pa. Commonwealth Ct. 249, 415 A.2d 954 (1980).

We first address Pilot's contention that it does not require a variance under the Ordinance to build its canopy. Pilot bases its argument on Article XVIII, Section B of the Ordinance[2] which permits gasoline pumps and other ''service equipment'' to be located at least twenty-five feet from the property line. The proposed canopy would cover the gasoline pumps and Pilot maintains it is included as other service equipment subject to the twenty-five foot set-back requirement. The Ordinance does not define the term ''service equipment.'' The zoning board rejected this argument finding the canopy to be a structure subject to the sixty foot set-back requirement. The common pleas court specifically found that the canopy is an elevated structure involving special zoning consider-

---

[1] As the common pleas court noted, since it took no additional testimony, its scope of review was likewise limited.

[2] Article XVIII, Section B, of the Ordinance reads as follows:
B. LOCATION OF GASOLINE PUMPS

Gasoline pumps and all other service equipment shall be set back not less than twenty-five (25') feet from any lot line and shall be located that vehicles stopped for service will not extend over the property line.

ations. Unlike lighting fixtures and oil display racks, an elevated canopy is not within the ordinary understanding of the term "service equipment" as used in reference to the retail sale of gasoline. The common pleas court also found that one of the purposes of the canopy, other than sheltering patrons while at the pumps, is to shelter patrons going back and forth to its convenience store to pay for gas and other purchases. We also note that the plot plan included in Pilot's brief shows the canopy meeting the convenience store. Brief for Appellant at 11. Whether or not it is actually attached to the convenience store, we agree with the common pleas court that Pilot's planned canopy is more akin to an eave or cornice of a building, subject to a twenty-four inch overhang limitation,[3] than "service equipment." Therefore, we conclude the canopy does not fit into the exception contained in Article XVIII, Section B, of the Ordinance and a variance from the sixty-foot front yard requirement is necessary.

We next turn to Pilot's contention that it had met its burden of proof before the zoning board so as to be entitled to a variance. The law is clear that a variance from a zoning ordinance may be granted only in exceptional circumstances. The applicant must prove, among other things, that the present zoning restrictions result in an unnecessary hardship unique or peculiar to the property. Section 912 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912; *Upper*

---

[3] Article III, Section D(6)(a) of the Ordinance provides that cornices, eaves, gutters, bay windows, or chimneys may project into the minimum front, side or rear yard of a lot, not more than twenty-four inches. Reviewing the plan included in Pilot's brief as well as the transcript of the zoning hearing, we view the canopy essentially as an architectural extension of the convenience store. *See* Brief for Appellant at 11.

*Leacock Twp. Supervisors v. Zoning Hearing Board of Upper Leacock Twp.,* 481 Pa. 479, 393 A.2d 5 (1978).

In the present case, the hardship about which Pilot complains is the diminution of its expected profits from the planned fuel center. Diminution of profitability has been long considered as legally insufficient to justify a variance. *See Re Pierorazio,* 53 Pa. Commonwealth Ct. 593, 419 A.2d 221 (1980). As noted by the learned common pleas judge, the proper tests for determining unnecessary hardship are: first, whether the property can be used in a reasonable manner within the restrictions of the Ordinance and not whether a proposed use is more desirable and, second, that financial hardship, short of rendering a property practically valueless, is insufficient to warrant the grant of a variance. *Glazer v. Zoning Hearing Board of Worcester Township,* 55 Pa. Commonwealth Ct. 234, 423 A.2d 463 (1980). On the evidence contained in the record, we conclude Pilot has not met its heavy burden of proving unnecessary hardship.

As we have found a variance is required to permit Pilot to construct its planned canopy and that Pilot has not carried its burden of proof, we affirm the order of the common pleas court denying Pilot's appeal from the denial of the variance.

### Order

And Now, the 5th day of November, 1984, the order of the Court of Common Pleas of Dauphin County affirming the denial of a variance to Pilot Oil Corporation by the Zoning Hearing Board of West Hanover Township is hereby affirmed.

---

Dissenting Opinion by Judge Doyle:

I respectfully dissent. While acknowledging that an elevated canopy is not within the ordinary under-

standing of the term "service equipment", once granted that gasoline pumps are themselves items of service equipment, an elevated canopy over the pumps would also be within the conception, given the specific frame of reference here, "gasoline pumps and *other* service equipment" (emphasis added). I believe the canopy would therefore be within the exception to the sixty foot set-back requirement.