515 A.2d 78

Mobil Oil Corporation, Appellant *v.* The Zoning Hearing Board of Tredyffrin Township, Appellee.

Argued December 9, 1985, before Judges DOYLE and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*John M. Phelan*, with him, *Richard C. Biedrzycki, Phillips and Phelan*, for appellant.

*John D. Snyder*, with him, *William H. Lamb, Lamb, Windle & McErlane, P.C.*, for appellee.

OPINION BY JUDGE BLATT, September 11, 1986:

Mobil Oil Corporation (Mobil) appeals an order of the Court of Common Pleas of Chester County which affirmed a denial by the Tredyffrin Township Zoning Hearing Board (Board), of Mobil's application for a dimensional variance from the setback provision of the township's zoning ordinance.

Mobil operates a service station on an irregularly-shaped property which it leases within the township. In

April 1983, Mobil applied for a dimensional variance under Section 1604.C of the township's zoning ordinance to allow it to construct a twenty-four by fifty foot canopy to shelter two self-service islands with which it planned to replace the one existing full-service island. The proposed canopy would extend ninety feet into the 100 foot setback requirement imposed upon the property. In May 1983, the Board denied Mobil's application and, although no appeal was taken from that decision, in July 1983 Mobil again applied for such a variance. At Mobil's request, hearings were held to permit it to introduce evidence as to any changes in circumstances which had occurred since the filing of the previously-denied variance request, and the Board thereafter denied the second application on the basis that the record would not support a decision to grant the requested variance. In affirming the decision of the Board, the common pleas court held that Mobil lacked standing to request a variance and also that, in any event, it had failed to prove such requisite hardship as would entitle it to such a variance.

Mobil first contends that the common pleas court abused its discretion and erred in considering Mobil's purported lack of standing to pursue the variance request. It was uncontroverted that Mobil was merely the lessee, and not the owner of the premises in question. Section 914 of the Municipalities' Planning Code (MPC), however, pertinently provides that requests for variances sought, as here, on the basis that the zoning ordinance inflicts unnecessary hardship may be filed "by any landowner or any tenant with the permission of [the] landowner." 53 P.S. §10914. No challenge was raised as to Mobil's participation in the proceedings before the Board, and we believe, therefore, that any challenge to its standing based upon its purported failure to obtain the landlord's permission to seek the vari-

ance was waived.[1] And, inasmuch as Mobil participated without objection before the Board and was clearly a party "aggrieved"[2] by the Board's decision, we perceive no impediment to its pursuing an appeal to the common pleas court. Moreover, because the court did not dismiss Mobil's appeal, but addressed the merits, we shall consider Mobil's challenge to the Board's decision.[3]

In regard to Mobil's contention that there was not substantial evidence to support the Board's findings or its conclusion that Mobil had failed to make such requisite showing of hardship as would entitle it to a variance from the zoning ordinance,[4] Mobil argues that the Board capriciously disregarded competent testimony which was offered to establish the existence of such hardship.

We must first note the Board's previous unappealed decision denying the identical variance at issue here. A subsequent application for an identical variance may be

---

[1] *See also, In Re: Application of Burrough Corp.*, 54 Pa. Commonwealth Ct. 514, 422 A.2d 1183 (1980) (lessee has standing under MPC Section 914 when acting with landowner's permission, even if such permission is implied in the lease).

[2] For purposes of determining standing, an "aggrieved" party is one with a substantial, direct and immediate interest in the subject matter of the litigation. *Township of North Fayette v. Thornburgh*, 62 Pa. Commonwealth Ct. 242, 436 A.2d 243 (1981).

[3] Where, as in the instant case, the court of common pleas takes no additional evidence, our scope of review, is limited, as is that of the court below, to determining whether or not the Board manifestly abused its discretion or committed an error of law. *Springfield Township Appeal*, 81 Pa. Commonwealth Ct. 513, 474 A.2d 706 (1984).

[4] An applicant for a variance is required to prove, *inter alia*, that the zoning ordinance imposes an unnecessary hardship on the property which is due to the property's unique physical characteristics and which was not created by the party seeking the variance. *Solow v. Zoning Hearing Board, Borough of Whitehall*, 64 Pa. Commonwealth Ct. 414, 440 A.2d 683 (1982).

granted, of course, where evidence is adduced demonstrating a substantial change in conditions incident to the land itself. *Filanowski v. Zoning Hearing Board of Adjustment,* 439 Pa. 360, 266 A.2d 670 (1970). We do not believe, however, that Mobil was entitled to relitigate the entire hardship matter *de novo* within but several months after its initial application, but that it ·was limited to demonstrating a material change in circumstances during the time since its previous application.[5]

Our review of the record indicates that the testimony by Mobil's witnesses was that the proposed plans were the same as those submitted and rejected a few months before. It also appears that Mobil's location had experienced an increase in sales in each of the several preceding years, albeit at a lower rate than at other Mobil or competitor stations. Although competitor stations were said to have a higher percentage of canopies, there was no evidence of a causal relationship directly linking the competitors' increased sales to canopies; for example, it also appears that a large number of such stations are self-service, and many also sell foods and grocery-type items which are not offered by Mobil stations. There was testimony that the station here concerned *could* suffer on a long term basis, but, taken in its entirety, the testimony does not compel the conclu-

---

[5] Mobil also argues that the township was not permitted to raise the issue of the Board's previous decision because the township had not appeared before the Board. The record clearly reflects the earlier decision, however, and the township was clearly entitled to intervene before the common pleas court pursuant to Section 1009 of the MPC, 53 P.S. §11009. We find no authority to preclude the township, as the appellee, from raising such an argument in support of the Board's decision. We additionally note that the record demonstrates that the Board itself was cognizant of its earlier decision, and was specifically concerned with the question of what material changes incident to the property had occurred since the initial application.

sion that the viability of the enterprise was actually or likely to be endangered by the absence of the canopy.[6] The testimony of Mobil's witnesses, considered separately or together, was, we believe, insufficient to compel the conclusion that Mobil demonstrated the requisite hardship. Essentially, the hardship of which Mobil complains is an expected loss of profits, and, of course, diminution of profitability is insufficient to justify the grant of a variance. *Pilot Oil Corp. Appeal,* 86 Pa. Commonwealth Ct. 23, 483 A.2d 1049 (1984). Moreover, no significant evidence was adduced to prove any material change in circumstances between the time of the first variance application and the application here concerned.

---

[6] There has been no claim that Mobil may not convert its operation to a self-service station, that it may not increase the number of its service islands as it proposes, or that the canopy is essential to such alterations. *Amoco Oil Co. v. Ross Township Zoning Hearing Board,* 57 Pa. Commonwealth Ct. 376, 426 A.2d 728 (1981), cited by Mobil as support, does not require that this variance should be granted. In *Ross,* the applicant sought a variance from setback requirements in conjunction with an application for a special exception to expand a legal nonconforming use so that it could *raze* its entire old facility to convert and modernize its use from full to self-service. Such measures were found clearly necessary to modernize the facility to retain its viability. Although a setback variance was requested to allow the construction of a canopy, in *Ross* the canopy was merely a component in the overall reconstruction. *See also Roth v. Zoning Hearing Board, Springfield Township,* 91 Pa. Commonwealth Ct. 445, 497 A.2d 295 (1985) (where a dimensional variance, requested to convert a gasoline service station to a muffler repair shop, was denied, distinguishing *Ross,* because both the past use and the proposed use were permitted in the district under the zoning ordinance; therefore, the hardship necessary for the grant of a variance must be found in the property's unique physical characteristics, not in a desire to expand (convert) to a different use).

We will, therefore, affirm the order of the Court of Common Pleas of Chester County.

ORDER

AND NOW, this 11th day of September, 1986, the order of the Court of Common Pleas of Chester County in the above-captioned matter is affirmed.