576 A.2d 104

**Joseph M. McCOLGAN and John C. Summers, Appellants,**

**v.**

**W. Wilson GOODE, James Stanley White and Elizabeth Reveal, Appellees.**

Commonwealth Court of Pennsylvania.

Argued May 3, 1990.

Decided June 5, 1990.

Vito F. Canuso, Jr., for appellants.

Evan Meyer, Asst. City Sol., with him, Richard J. Gold, First Deputy City Sol., and Charisse R. Lillie, City Sol., for appellees.

Before CRAIG and PALLADINO, JJ., and SILVESTRI, Senior Judge.

CRAIG, Judge.

Joseph M. McColgan and John C. Summers (objectors) appeal an order of Judge Lehrer of the Court of Common Pleas of Philadelphia County which sustained preliminary

objections claiming that objectors lacked standing to sue, filed by certain officials [1] of the City of Philadelphia (city), and which accordingly dismissed the objectors' complaint challenging an amendment to the city's traffic code. We affirm.

The pivotal issue in this case is whether the objectors had standing to challenge the validity of the amendment by virtue of their occasional use of the city's streets for parking without having received any parking citations under the amendment.

The record indicates that the city approved the amendment, known as Bill No. 350, in March of 1989. The amendment revised the city's traffic code by decriminalizing parking violations and by establishing an administrative adjudicatory system for parking violation contests. The objectors' complaint averred that they occasionally parked their vehicles on the city's streets, but did not aver that they had received parking citations under the amendment. The city, in preliminary objections, raised the standing issue which is now here to be reviewed.

In *William Penn Parking Garage v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975), our Supreme Court stated that a party has standing when that party's interest is substantial, direct, and immediate, and is distinguishable from the general interest shared with other citizens.

The court in *William Penn* defined "substantial" as "some discernible adverse effect to some interest other than the abstract interest of all citizens in having others comply with the law." Moreover, that court defined "direct" as "the person claiming to be aggrieved must show causation of the harm to his interest by the matter of which he complains." Finally, that court stated that the term "immediate" addressed "the nature of the causal connection between the action complained of and the injury to the person challenging it." In other words, the injury cannot be "a

1. The city officials named in the objectors' complaint are Mayor W. Wilson Goode, Managing Director James Stanley White, and Finance Director Elizabeth Reveal.

remote consequence" of the action. *William Penn,* 464 Pa. at 195–97, 346 A.2d at 282–83.

The objectors contend that they have satisfied the *William Penn* criteria, relying on this court's decision in *Baldinger v. Commonwealth,* 85 Pa.Commonwealth Ct. 610, 483 A.2d 1027 (1984).

In *Baldinger,* the plaintiffs, a class of licensed drivers, brought suit challenging the accuracy of the Commonwealth's breathalyzer equipment. The Commonwealth asserted that the class lacked standing because they had not been compelled to submit to a breathalyzer test. This court disagreed, concluding that the class had standing under the *William Penn* criteria.

Initially, the court in *Baldinger* determined that the class had a substantial interest in the matter because section 1547(a) and (c)[2] of the Vehicle Code required all licensed drivers to submit to chemical testing upon request from a police officer, including chemical testing on breathalyzer equipment. Thus, section 1547(a) and (c) provided the class with a statutorily-based substantial interest to ensure the accuracy of the Commonwealth's breathalyzer equipment. *Baldinger,* 85 Pa.Commonwealth Ct. at 616–17, 483 A.2d at 1031.

Next, the court in *Baldinger* determined that the class had a direct interest because faulty breathalyzer equipment could result in inaccurate test results, which could potentially subject the class to criminal conviction. *Baldinger,* 85 Pa.Commonwealth Ct. at 617, 483 A.2d at 1031–32. Finally, although the class had not previously submitted to breathalyzer testing, the court in *Baldinger* determined that the class need not subject themselves to criminal prosecution to challenge the Commonwealth's statutory requirement, under section 1547(c) of the Vehicle Code, to maintain accurate breathalyzer equipment. *Baldinger,* 85 Pa.Commonwealth Ct. at 617, 483 A.2d at 1032.

**2.** 75 Pa.C.S. § 1547(a) and (c).

In the present case, the objectors, by only parking their vehicles on the city's streets, have not statutorily submitted themselves to the administrative adjudicatory system created by the amendment. The amendment contains no mandatory language, such as the language in section 1547(a) of the Vehicle Code, which requires all persons who park on the city's streets to submit to the system. Thus, under *Baldinger*, the objectors have no substantial interest based on a statutory requirement.

Moreover, the amendment governs only those persons (1) who park on the city's streets, and who (2) receive a parking citation, and (3) contest the alleged violation. In this case, the objectors have neither received a parking citation nor contested an alleged violation.

Because the amendment does not adversely affect the objectors' individual interests, and only affects the abstract interest of all citizens in general, the objectors have no substantial interest in this matter. *See Home Unity Savings and Loan Association v. Department of Banking*, 126 Pa.Commonwealth Ct. 425, 560 A.2d 248 (1989). Therefore, we conclude that the objectors had no standing to challenge the amendment. *William Penn.*

Accordingly, we affirm Judge Lehrer's order.

Former President Judge CRUMLISH did not participate in the decision in this case.

### ORDER

NOW, June 5, 1990, the order of the Court of Common Pleas of Philadelphia County, No. 664 May Term 1989, dated October 26, 1989, is affirmed.