134 Pa. Commonwealth Ct. 291 (1990)
578 A.2d 614
NORTHWESTERN LEHIGH SCHOOL DISTRICT, Petitioner
v.
COMMONWEALTH of Pennsylvania, AGRICULTURAL LANDS CONDEMNATION APPROVAL BOARD, Respondent.
Commonwealth Court of Pennsylvania.
Argued March 8, 1990.
Decided July 27, 1990.
*293 John E. Freund, III, King, McCardle, Herman & Freund, Allentown, for petitioner.
Stephen R. Pelcher, Pittsburgh, for respondent, Agricultural Lands Condemnation Approval Bd.
William G. Malkames, Allentown, for respondents, Raymond Snyder and Elma Snyder.
John J. Bell, for amicus curiae, Pennsylvania Farmers' Ass'n.
Before CRUMLISH, Jr., President Judge, and COLINS, and PELLEGRINI, JJ.
COLINS, Judge.
Northwestern Lehigh School District (School District) petitions for review of an adjudication and order of the Agricultural Lands Condemnation Approval Board (Board), *294 dated October 3, 1989, denying the August 9, 1989 application of the School District to take possession of the property of Raymond C. and Elma Snyder (the Snyders).
The Snyders are owners of a 26.1577 acre tract of farm land located in Heidelberg Township, Lehigh County, Pennsylvania (property) situated adjacent to the School District's main campus. The property is designated an agricultural security area in accordance with the provisions of the Agricultural Area Security Law (Law), Act of June 30, 1981, P.L. 128, as amended, 3 P.S. §§ 901-915.[1]
The School District wishes to build a middle school adjacent to the high school. In September of 1988, as required by Section 13 of the Law, 3 P.S. § 913, the School District petitioned the Board and other designated bodies for approval to condemn the property for construction of the middle school.
A hearing was held on October 25, 1988, after which the Board disapproved the School District's proposed condemnation on the basis that the evidence it presented was insufficient to meet its burden of showing that no reasonable alternative existed. The School District petitioned this Court for review, and on May 30, 1989, Senior Judge Kalish, writing for the Court, affirmed the Board's decision in Northwestern Lehigh School District v. Agricultural Lands Condemnation Approval Board, 126 Pa. Commonwealth Ct. 325, 559 A.2d 978 (1989). The School District petitioned for allowance of appeal to the Pennsylvania Supreme Court, which was denied on November 27, 1989.
While the petition before the Supreme Court was pending, the School District again petitioned the Board on August 11, 1989, for approval to condemn the same property. The Snyders filed objections raising, inter alia, the issue of res judicata, which the Board treated as a motion to dismiss. Following a hearing on September 25, 1989, the Board *295 issued its order, dated October 3, 1989, granting the Snyders' motion and denying the School District's second petition to condemn on the basis of res judicata. This appeal followed.[2]
The School District argues that the Board misapplied the doctrine of res judicata because its second request was based on a different theory, changed circumstances, and different evidence than it presented in support of its first application. The School District asserts that it intended to introduce at the second hearing a study of alternative sites, which would meet the standards set forth in the Law; that at the time of the first hearing, only two of the Townships within the District had been declared agricultural security areas and currently all townships within the District have been declared agricultural security areas; that it did not have sufficient time to prepare properly for its first application to the Board; and, that it has continuing needs to acquire the property in question and build a middle school.
The School District maintains that it was unaware that it was required to provide evidence of alternative sites at the initial hearing. Section 13(d)(2)(ii)(B) of the Law, 3 P.S. § 913(d)(2)(ii)(B), provides:
(ii) the . . . Board or other appropriate reviewing body shall approve the proposed condemnation only if it determines that:
. . . . .
(B) there is no reasonable and prudent alternative to the utilization of the lands within the agricultural security area for the project. (Emphasis added.)
Clearly, the burden was on the School District to provide evidence of alternative sites to the Board. The School District chose not to avail themselves of the opportunity to *296 present such evidence at the first hearing.[3] Therefore, we hold the Board committed no error in concluding that the School District's failure to present evidence which could have been presented in the earlier proceeding was not a basis for an exception to the doctrine of res judicata.
Further, we agree with the Board that the School District has failed to show how the fact that more of the relevant townships have been designated agricultural security areas constitutes a material change in circumstances,[4] since the School District is not precluded from considering sites and locations in those townships, but is simply subject to the same standards under the Law that govern its consideration of the instant property. Likewise, the School District's argument that it did not have sufficient time to prepare for the hearing has no merit, since it chose the date on which to request the Board hearing. Therefore, any time constraint that it experienced was a result of its own doing.
The doctrine of res judicata requires the existence of four elements: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued. Price v. Bensalem Township Zoning Hearing Board, 131 Pa. Commonwealth Ct. 200, 569 A.2d 1030 (1990).
*297 The persons, parties and the thing being sued for in this action are all identical to those in the first action. The School District is now seeking to condemn the identical parcel of land which it sought to condemn in 1988. Additionally, the purpose for the condemnation has not changed. Finally, there has been no change in the quality or capacity of the parties suing or being sued. Clearly, all four elements of res judicata were satisfied here. Therefore, we hold, as a matter of law, the Board properly dismissed the School District's second petition on that basis.
The School District next argues that the Board abused its discretion and erred as a matter of law in refusing to hold an evidentiary hearing and deciding this matter on the basis of oral argument only. It cites Atlantic Richfield Co. v. Bethlehem, 69 Pa. Commonwealth Ct. 6, 450 A.2d 248 (1982) (ARCO), wherein this Court remanded the matter back to the Zoning Hearing Board for an evidentiary hearing to determine whether the doctrine of res judicata could properly be applied. The School District's reliance on ARCO is erroneous. The Board in ARCO had conducted no hearing, and had made no findings of fact or conclusions for this Court to review, but had merely compared the first and second applications. In the instant matter, the Board heard oral argument, made findings of fact, and entertained the School District's offer of proof as to the testimony and evidence it wished to present.
Finally, the School District argues that because the hearing only involved oral argument and there was no taking of testimony, that it did not constitute a proper hearing within the meaning of Section 13(e) of the Law, 3 P.S. § 913(e). A thorough review of the law reveals that there is no requirement that the Board conduct a full evidentiary hearing on the issue of res judicata. The School District was permitted to present its offer of proof of testimony and evidence to be presented, which, after hearing, was found not to compel a reversal of its prior decision. The School District had both reasonable notice and an *298 opportunity to be heard.[5] Therefore, we hold the Board's hearing was proper.
Accordingly, we affirm the decision of the Board.[6]

ORDER
AND NOW, this 27th day of July, 1990, the order of the Agricultural Lands Condemnation Approval Board in the above-captioned matter is affirmed.
PALLADINO, J., did not participate in the decision in this case.
NOTES
[1] The Law's purpose is to conserve and protect the Commonwealth's agricultural lands as valued natural and ecological resources, and to encourage the development and improvement of agricultural lands for the production of food and other agricultural products.
[2] Prior to oral argument, Judge Palladino recused herself from all participation in this matter. With the agreement of counsel, Judges Pellegrini and Colins heard oral argument with the stipulation that a third judge would consider the matter on briefs only.
[3] In fact, counsel for the School District stated at the September 25, 1989 hearing: "We could have presented this testimony last year, I suppose in retrospect, you know, hindsight is always 100 percent accurate. At that time we were proceeding on the theory that based on considerations outside the [Law] . . . there was no reason to find alternatives. Today we're proceeding on a completely different theory. . . ." (Transcript at 34-35.)
[4] The School District attempts to bolster its position by analogizing to zoning cases. This Court has held, in zoning matters, that a subsequent application for an identical variance may be granted upon a showing of a material change in circumstances. See Mobil Oil Corp. v. Zoning Hearing Board of Tredyffrin Twp., 100 Pa. Commonwealth Ct. 480, 515 A.2d 78 (1986). We note also that in zoning matters, the courts have held that res judicata should be applied only sparingly. Id.
[5] See Section 504 of the Administrative Agency Law, 2 Pa. C.S. § 504.
[6] In light of our disposition of this matter, we decline to address an additional argument presented by the Snyders in their brief of whether the School District's second petition was also barred under the doctrine of lis pendens.