559 A.2d 978

**NORTHWESTERN LEHIGH SCHOOL DISTRICT, Petitioner,**

**v.**

**AGRICULTURAL LANDS CONDEMNATION APPROVAL BOARD, Board of Commissioners of Lehigh County, Board of Supervisors of the Township of Heidelberg, Agricultural Area Advisory Committee of the Township of Heidelberg, Raymond Snyder, and Elma Snyder, Respondents.**

Commonwealth Court of Pennsylvania.

Argued April 7, 1989.

Decided May 30, 1989.

Petition for Allowance of Appeal Denied Nov. 27, 1989.

326

John E. Freund, III, E. Drummond King, King, McCardle, Herman & Freund, Allentown, for petitioner.

Mark Malkames, William G. Malkames, Allentown, for respondents, Raymond Snyder and Elma Snyder.

Stephen R. Pelcher, Harrisburg, for respondent, Agricultural Lands Condemnation Approval Bd.

John J. Bell, Camp Hill, for amicus curiae, Pennsylvania Farmers Ass'n.

Before DOYLE and SMITH (P.), JJ., and KALISH, Senior Judge.

KALISH, Senior Judge.

Northwestern Lehigh School District (School District) petitions for review of an order of the Agricultural Lands Condemnation Approval Board (ALCAB), denying approval of a condemnation by the School District. We affirm.

The School District maintains educational facilities at two sites. One, approximately forty-four acres, is the main campus and houses the high school and its facilities. The other, in another township, houses the elementary school. The School District desires to build a middle school adjacent to the high school.

The Agricultural Area Security Law (Law), Act of June 30, 1981, P.L. 128, 3 P.S. §§ 901–915, declared it to be the policy of the State of Pennsylvania to conserve and protect agricultural lands. The site involved in this proceeding has been designated as an "agricultural area," pursuant to this Law. Section 913(b) of the Law, 3 P.S. § 913(b), provides that, "no political subdivision ... or other body having or exercising powers of eminent domain shall condemn any land within any agricultural area ... unless prior approval has *been obtained from Agricultural Lands Condemnation Approval Board.*" (Emphasis added.)

ALCAB, created by the legislature in section 306 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* added by section 1 of the Act of December 7, 1979, P.L. 478, *as amended,* 71 P.S. § 106, consists of six members including the Secretaries of Agriculture, Environmental Resources, Transportation, or their designees, and two farmers.

Section 913(d)(2)(ii) of the Law, 3 P.S. § 913(d)(2)(ii), also provides that ALCAB shall determine whether the proposed condemnation would not have an unreasonable adverse effect upon the preservation of agricultural resources within the area or upon the environmental plans or policies of the municipality or county, or whether there are no reasonable and prudent alternatives to the utilization of the lands within the agricultural area for the project.

The School District notified ALCAB of its intention to condemn land within the township for the purpose of constructing a middle school. ALCAB, after a hearing, denied the application for condemnation.

In its adjudication ALCAB determined that it was not shown that the proposed condemnation would not have an unreasonable adverse effect upon the preservation of agricultural services within the area or upon environmental and comprehensive plans of the county. In addition, there was no showing that there was no reasonable and prudent alternative to the utilization of lands within the agricultural area.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Our duty is to examine the testimony in the light most favorable to the party in whose favor the Board found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony, to see if substantial evidence for the Board's conclusion exists. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

The evidence before ALCAB indicated that the School District chose this site because of the availability of sewer facilities, its relation to existing school facilities, the

availability of transportation, and staff facilities. The evidence also showed that the School District did not consider any other specific site nor did it make any studies with regard to the impact that the proposed condemnation would have on the agricultural area within the School District, township or county.

 These are factors that must be considered. The legislative policy compels ALCAB to deny the proposed condemnation absent evidence that the standards set by the Law were not met.

The School District contends that the legislature unlawfully surrendered its power of eminent domain to ALCAB and violated the constitutional provision compelling the legislature to provide an efficient system of public education.

 Our courts have held that the power to exercise the right of eminent domain, i.e., to condemn property for a public purpose, is inherent in a sovereignty. The sovereignty can delegate the power to such entities as it sees fit, provided that its exercise is for a public use. This includes not only governmental bodies, but corporations and individuals.

 The power of eminent domain is dormant in the state until legislative action points out the occasions, the modes and the agencies for its exercise. It can only be called into operation by the authority of the legislature and must be exercised by the tribunal in the manner and *with the limitations provided by law. Interstate Cemetery Co. Appeal,* 422 Pa. 594, 222 A.2d 906 (1966); *Lazarus v. Morris,* 212 Pa. 128, 61 A. 815 (1905).

 Accordingly, pursuant to section 703 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 7–703, the power to acquire by eminent domain any ground for school use was specifically delegated to the board of school directors of each district. The requirement of approval by ALCAB is not a surrender or delegation to ALCAB of the right to condemn nor in any manner an interference with the School District's right to condemn, or the state's duty to provide a reasonable system

of education. It is a limitation specifically provided by the legislature on the right to exercise the power of eminent domain pursuant to the state's policy of preserving "agricultural areas." *Interstate Cemetery; Lazarus.*

The present case is distinguished from *In re Condemnation of 1.6 Acres of Land,* 20 Pa.Commonwealth Ct. 419, 342 A.2d 142 (1975), wherein it was held that under the facts in that case, prior approval of the Department of Education regarding a site acquisition was not a limitation on the right to condemn, but went only to the right to obtain financial reimbursement and not to the legal effect of the power to condemn. The court in that case carefully reviewed the provision of the law and pointed to those provisions indicating such an intent. In the instant case the record shows that with respect to the policy to preserve agricultural areas, the state intended to limit the power of condemnation.

Accordingly, we affirm.

## ORDER

NOW, May 30, 1989, the order of the Agricultural Lands Condemnation Approval Board, No. 1988–4, is affirmed.