587 A.2d 907

In the Matter of the Condemnation by the TOWNSHIP OF UPPER ST. CLAIR of an Easement on the Property of Mary Caldwell, Deceased,

Appeal of David B. FRYER and Elaine M. Rusilko, Executors of the Estate of Mary Caldwell, Deceased.

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 1991.

Decided March 5, 1991.

322

Richard P. Krill, with him, James C. Larrimer, Dougherty, Larrimer & Molinaro, Pittsburgh, for appellants.

Joan P. Feldman, with her, Robert N. Hackett, Robert N. Hackett & Associates, Pittsburgh, for appellee, Tp. of St. Clair.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Co–Executors of the estate of Mary Caldwell (Appellants) filed preliminary objections (POs) on April 18, 1990 to Upper St. Clair Township's (Appellee's) declaration of taking. We affirm the trial court's August 6, 1990 denial of those POs and a motion to amend the same.

The facts are as follows. On December 27, 1989, the developer of a proposed twenty-four lot subdivision and Appellee entered into an indemnification agreement. According to that agreement, the developer agreed to indemnify Appellee for the costs of condemning permanent easements for sewers and utilities on the Caldwell property, which is adjacent to the proposed subdivision.

Appellee filed a declaration of taking on February 28, 1990. On March 22, 1990, Appellee filed a notice to Appellants of the condemnation.

On April 18, 1990, Appellants filed POs to the declaration. Therein, they alleged that the condemnation was not for a public purpose since a private individual, the developer, would benefit.

Appellants sought to amend those POs prior to the August 6, 1990 hearing. In their motion for leave to file amendment to the POs, Appellants alleged that it was unconstitutional for Appellee to lend both its credit and power of eminent domain to an individual property owner by way of an indemnification agreement.

In regard to the original POs, the trial court stated that Appellee has the right to encourage residential growth within its boundaries. Thus, it stated that the condemnation was not for a private purpose just because a private individual would benefit from Appellee's chosen priority.

The trial court denied the request to amend the POs because "[t]he Township's requirement that the Developer bear the financial burden of the taking by Eminent Domain is not violative of the Constitution." Trial Court's opinion at 2. It also noted that Appellants did not file their request to amend the POs in a timely manner.

There are two issues before us. The first is whether the trial court erred in overruling Appellants' POs on the basis that the condemnation was for a public purpose, even though it would directly benefit a private developer. The second is whether the trial court erred in denying Appellants' request to amend their POs on the basis that the amended POs lacked merit and were not filed in a timely manner.

In the case of *Mershon Appeal*, 76 Pa.Commonwealth Ct. 424, 426 n. 1, 463 A.2d 1287, 1287–88 n. 1 (1983), we held that an authority's condemnation "to secure rights of way for the expansion of existing sewage facilities in an area where a single developer proposed to erect some 1751 residential dwelling units," was not for a private purpose.

Similarly, in the case of *Washington Park, Inc. Appeal* 425 Pa. 349, 229 A.2d 1 (1967), the Pennsylvania Supreme Court held that there was a public benefit to widening a highway, even though one shopping center would be greatly benefitted. Quoting the case of *Belovsky v. Redevelopment Authority*, 357 Pa. 329, 341, 54 A.2d 277, 283 (1947),

the court reiterated that a taking "does not lose its public character merely because there may exist in the operation some feature of private gain, for if the public good is enhanced it is immaterial that a private interest also may be benefited." *Washington Park*, 425 Pa. at 353, 229 A.2d at 3. Thus, a taking may substantially profit a private developer or a shopping center, as long as the public good is enhanced.[1]

Also, in regard to the issue of whether or not the taking was for a public purpose, Appellants argue that there was no credible evidence that the benefitted property itself could not be used instead of the condemned easement. To the contrary, the trial court found credible the abundance of testimony that the easement, as opposed to a pumping station on the benefitted property, was the best way to accomplish the stated purpose.[2]

In regard to the second issue, whether or not the trial court erred in denying Appellants' request to amend, we have held that a judge at his discretion may permit an amendment to POs under Section 406 of the Eminent Domain Code,[3] in the absence of an error of law or prejudice to the adverse party. *Department of Transportation v. Schodde*, 61 Pa.Commonwealth Ct. 77, 433 A.2d 143 (1981).

Notwithstanding the issue of whether or not Appellants filed their motion for leave to amend the POs in a timely manner, our Supreme Court in the *Washington Park* case had no problem with the indemnification agreement between the Commonwealth and the shopping center to widen a highway. The indemnification agreement in our case is analogous.

For these reasons, we affirm.

1. *See also Riehl v. Millcreek Township Sewer Authority*, 26 Pa.Commonwealth Ct. 70, 362 A.2d 478 (1976); *Borough of Big Run v. Shaw*, 16 Pa.Commonwealth Ct. 623, 330 A.2d 315 (1975).

2. Appellants did not challenge the location of the easement in their POs or in their request to amend the same.

3. Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. § 1–406.

## ORDER

AND NOW, this 5th day of March 1991, the trial court's August 6, 1990 denial of preliminary objections and motion for leave to file amendment to the same is affirmed.