616 A.2d 1102

**In re condemnation of lands situate and being in the city of Scranton, Pennsylvania, for the elimination of blighted areas and the replanning and redevelopment of such area.**

**REDEVELOPMENT AUTHORITY OF the CITY OF SCRANTON, Appellant,**

**v.**

**Peter and Rebecca KAMEROSKI, his wife, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Sept. 18, 1992.

Decided Oct. 28, 1992.

W. Boyd Hughes, for appellant.

Gene E. Goldenziel, for appellees.

Before COLINS and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The question before this Court is whether a redevelopment authority can condemn property in a blighted area which was not specifically listed as property to be condemned in a redevelopment plan, but which was connected to property properly listed to be condemned in the redevelopment plan.

On May 18, 1989, Peter and Rebecca Kameroski (Kameroskis) purchased real estate at 227 Lackawanna Avenue, from Ralph and Bernice Phillips. Later that day, the Redevelopment Authority of Scranton (SRA), unaware of the transfer, passed a resolution, authorizing the condemnation of the Kameroskis' newly acquired property. On June 16, 1989, SRA filed a declaration of taking. The Kameroskis filed preliminary objections. The Court of Common Pleas of Lackawanna County conducted an evidentiary hearing on the preliminary objections, sustaining them on the basis that SRA lacked the authority to condemn the Kameroskis' property. It is from

the order sustaining Kameroskis' preliminary objections that SRA appeals.

The events which lead to the case before us began in 1987, when SRA requested the Scranton Planning Commission (Commission) to conduct a study to determine whether several blocks within the downtown Scranton business district were "blighted." [1] After conducting several studies, the Commission held public hearings in accordance with the Urban Redevelopment Law (URL), Act of May 24, 1945, P.L. 991, *as amended*, 35 P.S. §§ 1701–1719. After the hearings, the Commission designated the "blighted" area as the Lackawanna Avenue Development Area and adopted a redevelopment plan (Plan).

On March 3, 1988, the SRA approved the Plan, which the Scranton City Council then passed as Resolution No. 14 of 1988. The Plan included renovation of some existing structures and demolition of others. The renovation of existing structures included the Samter Building, a vacant department store. The Samter Building is adjacent to 227 Lackawanna.

After passage of the Plan, SRA entered into an agreement with Scranton Mall Associates (Developer) for the construction of a shopping mall and for renovation of the Samter Building.

On May 18, 1989, the Kameroskis purchased the three-story structure at 227 Lackawanna Avenue. Soon thereafter, SRA condemned their property. The Kameroskis filed preliminary objections based upon the fact that they did not know at the time they purchased the property that SRA intended to condemn the property because the property was not listed as a property to be condemned in the Plan.

SRA argued to the trial court that it had the authority to condemn all property within the area which had been certified as blighted. SRA also argued that the Kameroskis' property was part of the Samter Building, because when the Kameroskis purchased the property, there was no stairway from the first floor to the second floor of 227 Lackawanna Avenue and

---

1. An area can be designated blighted because the dwellings are unsafe, unsanitary, inadequate or over-crowded. Section 2(a) of the Urban Redevelopment Law, 35 P.S. § 1702(a).

the only access to the second and third floors of 227 Lackawanna Avenue was through the Samter Building. Although the map of the Plan failed to designate the Kameroskis' property as one to be acquired, SRA argued that this was only a minor graphical error.

The trial court sustained Kameroskis' preliminary objections, holding that the Kameroskis' property and the Samter Building could not be considered one property because the map clearly denotes a division between the properties and a purchaser of real property in Pennsylvania, a record title state, should be able to rely on the public record when purchasing real estate. The trial court also held that a certification of blight does not affect property rights but merely sets the stage for redevelopment, citing Matter of Condemnation by Urban Redevelopment Authority, 527 Pa. 550, 594 A.2d 1375, 1378 (1991), cert. denied, —— U.S. ——, 112 S.Ct. 638, 116 L.Ed.2d 656 (1991).

On appeal,[2] SRA argues that: 1) the trial court erred in finding the Plan did not include the Kameroskis' property; 2) the trial court erred in holding that SRA did not follow the URL; 3) the trial court erred in refusing to impose a presumption of good faith of public officials as the judicial standard of review; and 4) the condemnees' failure to challenge the certification of blight was waiver of their right to challenge the subsequent taking.

SRA argues that the trial court erred in finding that the Plan did not include the Kameroskis' property. SRA asserts that Kameroskis' property was described in the Plan because it was actually a part of the Samter Building and that the specific address, 227 Lackawanna Avenue, was advertised in the Scranton Times and Tribune as a property to be condemned. SRA also asserts that it was authorized under Section 9(i) of the URL, 35 P.S. § 1709(i), to acquire property

2. In an appeal from a court of common pleas' order sustaining preliminary objections, our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law. *Muncy Creek Township Citizens Committee v. Shipman,* 132 Pa.Cmwlth. Ct. 543, 573 A.2d 662 (1990).

as part of the "necessary or appropriate" means of enacting the Plan. We do not agree.

The Kameroskis' property was not labeled as being subject to acquisition in the map available to the public, as required by statute. The property was not listed in the map key as being a property subject to acquisition. While the Samter Building was encompassed by a heavy blue line on the map as being part of the Plan and therefore, subject to acquisition, the Kameroskis' property was not so marked. Furthermore, during the proceedings, various individuals testified that some properties in the blighted area were not going to be condemned. In fact, Mr. Phillips, the prior owner of Kameroskis' property, testified that he had attended the public hearings and did not know that the property which he then owned was subject to condemnation. (N.T. 112–113). Attorney Gregory O'Connell, who certified title for the Kameroskis, testified that the abstract of title contained no agreements, leases, or any indication of a permanent relationship between the Samter Building and 227 Lackawanna Avenue.

■■■■ While the URL allows the taking of property in order to effectuate a redevelopment plan, the plan must be specific enough to notify the potential condemnees of their future. A certification of blight does not in and of itself give a condemnor, such as SRA, the authority to condemn all property within the area. Under the URL, a certification of blight is merely an internal finding that certain physical conditions exist in the project area that make the area "blighted." The certification itself does not affect property rights but only sets the stage for redevelopment. *See Matter of Urban Redevelopment Authority.*

■■■■ SRA next argues that the trial court erred in not applying the legal presumption that public officials act in good faith. The burden of establishing that a condemnation is fraudulent or was done in bad faith is upon the condemnee. *Blank v. Columbia Gas of Pennsylvania, Inc.,* 11 Pa.Cmwlth. Ct. 304, 314 A.2d 880 (1974). Because Kameroskis failed to introduce any evidence that SRA acted in a fraudulent or

capricious manner, SRA argues that the trial court erred in not overruling Kameroskis' preliminary objections. We do not agree.

While the trial court did not find that SRA acted in bad faith, it did find that its actions were arbitrary. By not properly following the URL and by failing to include the Kameroskis' property in the Plan, SRA's condemnation actions were premature. Regardless of whether SRA acted in good faith or not, it was required to follow the law.[3]

For the reasons set forth above, we affirm.

## ORDER

AND NOW, this 28th day of October, 1992, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is hereby affirmed.

---

**3.** SRA also argues the Kameroskis' failure to challenge the certification of blight is a waiver of their right to challenge the subsequent taking. Relying again on *Matter of Urban Redevelopment Authority* for the proposition that a certification of blight does not affect property rights, this argument too fails to persuade this Court.