**In re A CONDEMNATION PROCEEDING BY SOUTH WHITEHALL TOWNSHIP, Lehigh County, Pennsylvania, to Acquire Storm Sewage Easements Over, Under and Through Lands Owned of Record by Esau T. Joseph and Labiby Joseph in the Vicinity of North 28th and Fairmont Streets, South Whitehall Township.**

**Appeal of Easau T. and Labiby Jopseph.**

Commonwealth Court of Pennsylvania.

Argued April 2, 2002.
Decided April 28, 2003.

---

Emil W. Kantra, II, Center Valley, for appellants.

Blake C. Marles, Lehigh Valley, for appellee.

BEFORE: COLINS, President Judge, SIMPSON, Judge (P), and MIRARCHI, JR., Senior Judge.

OPINION BY Judge SIMPSON.

Esau Joseph and Labiby Joseph (Landowners) appeal from the order of the Court of Common Pleas of Lehigh County (trial court) that dismissed their preliminary objections to a declaration of taking filed by South Whitehall Township (Condemnor). The issues in this case surround (i) the adequacy of the resolution and declaration of taking, and (ii) the allocation of the burden of proof before the trial court.

■ In response to water drainage problems, Engineers for Condemnor recommended placing storm water facilities on three small portions of Landowners' property requiring a total easement area of 0.08 acres.[1] The Board of Commissioners of Condemnor adopted a resolution authorizing the taking of these easements. The following month, Condemnor filed a declaration of taking with the trial court. The declaration appropriated the easement areas pursuant to the Pennsylvania Eminent Domain Code[2] and the resolution. Landowners filed preliminary objections asserting that the declaration of taking and the resolution were defective because they failed to establish that a determination was made by Condemnor that construction within the public right of way was "reasonably impracticable."[3] They argued that an explicit statement that such a finding had been made was mandated by Section 2402 of the First Class Township Code (Township Code).[4]

1. Specifically, Condemnor planned "the installation of one foot of storm pipe, the construction of concrete end walls to support the pipe ends, and the installation of an energy dissipater (rock apron) on the downstream (east) end of the culvert." Reproduced Record (R.R.) at 58a.

2. Act of June 22, 1964, Special Sess., P.L. 84, as amended, 26 P.S. §§ 1–101—1–903.

3. Preliminary objections in eminent domain proceedings serve a different purpose than preliminary objections filed in other civil actions. *In re Condemnation of .036 Acres,* 674 A.2d 1204 (Pa.Cmwlth.1996). In eminent domain cases, preliminary objections are intended as a procedure to resolve expeditiously the factual and legal challenges to a declaration of taking before the parties proceed to determine damages. *North Penn Water Auth. v. A Certain Parcel of Land,* 168 Pa.Cmwlth. 477, 650 A.2d 1197 (1994).

4. Act of June 24, 1931, P.L. 1206, as amended, 53 P.S. § 57402.

Section 2402 of the Township Code provides Condemnor with the authority to condemn private property for storm water facilities, stating:

*Where it is reasonably impracticable, in the judgment of the commissioners, in any part of such system, to carry such sewers or drains along the lines of public streets or highways, the commissioners may locate and construct so much of the same as is necessary through private lands and may acquire the necessary land or right of way for such purpose by gift, purchase, or by the exercise of the right of eminent domain.*

53 P.S. § 57402 (emphasis added).

The only information relating to a determination by the Commissioners of impracticability was the affidavit of Gerald Gasda, the township manager, presented by Condemnor in response to the preliminary objections. Gasda's affidavit stated that "the information set forth above ... led [the Commissioners] to conclude that the condemnation is appropriate, as complete construction within the street right of way would be reasonably impracticable." R.R. at 58a—59a.

■■■ The trial court overruled Landowners' preliminary objections without prejudice. After concluding that no requirement existed mandating that either the resolution or the declaration contain an explicit finding regarding impracticability, the trial court determined that, pursuant to *Weber v. Philadelphia*, 437 Pa. 179, 262 A.2d 297 (1970), it was the Landowners' burden to provide proof that Condemnor acted with "fraud, collusion, bad faith, or abuse of discretion." Trial Court Op. at 10. The trial court allowed Landowners three months to supplement the record; however, Landowners elected not to supplement the record and instead appealed to this Court.[5]

Landowners present two arguments. First, they assert that the trial court erred because neither the declaration of taking nor the resolution contained a statement that Condemnor found it "reasonably impracticable to install storm water drainage facilities within the public right-of-way" as they again assert was required by Section 2402 of the Township Code. Second, they argue the trial court erroneously allocated the burden of proof.

■■ Section 402 of the Eminent Domain Code,[6] 26 P.S. § 1–402, enumerates

---

5. In eminent domain cases, our scope of review is limited to a determination of whether the trial court abused its discretion or committed an error of law. *In re Hill*, 118 Pa. Cmwlth. 436, 545 A.2d 463 (1988). A finding by the trial court that a condemnor acted in good faith precludes this Court from scrutinizing the wisdom of the condemnor's exercise of its power. *Nixon Hotel, Inc. v. Redev. Auth. of Butler*, 11 Pa.Cmwlth. 519, 315 A.2d 366 (1974).

6. Section 402 states as pertinent:

(b) The declaration of taking shall be in writing and executed by the condemnor, shall be captioned as a proceeding in rem, and shall contain the following:

(1) The name and address of the condemnor.

(2) A specific reference to the statute, article and section thereof under which the condemnation is authorized.

(3) A specific reference to the action, whether by ordinance, resolution or otherwise, by which the declaration of taking was authorized, including the date when such action was taken, and the place where the record thereof may be examined.

(4) A brief description of the purpose of the condemnation.

(5) A description of the property condemned sufficient for the identification thereof, specifying the city, borough, township or town and the county or counties wherein the property taken is located, a reference to the place of recording in the office of the recorder of deeds of plans showing the property condemned or a statement that plans showing the property

the averments necessary to constitute a valid declaration of taking. That section does not mandate that a condemnor include facts concerning a finding of "reasonable impracticability."

Neither the Township Code nor the Eminent Domain Code specifies by whom or how the prerequisite finding must be proved. In the absence of any authority to the contrary, it was not error to entertain Condemnor's offer to prove the prerequisite finding through a witness.

We reject Landowners' argument that Condemnor is bound by the best evidence rule, which would require the prerequisite finding in the declaration or in a resolution. The codified rule provides that an original is required "[t]o prove the content of a writing, recording, or photograph. . . ." Pa.R.E. 1002. Section 2402 of the Township Code requires a finding, but does not specify its form or the manner of its memorialization. Therefore, there is no statutory requirement that the finding be contained in a writing, recording, or photograph to which the best evidence rule applies.

■ Citing *Northwestern Lehigh Sch. Dist. v. Agricultural Land Condemnation Approval Bd.*, 126 Pa.Cmwlth. 325, 559 A.2d 978 (1989), and *Redevelopment Auth. of Scranton v. Kameroski*, 151 Pa.Cmwlth. 345, 616 A.2d 1102 (1992), Landowners argue that the trial court erroneously allocated the burden of proof. They assert that when there is a statutory condition precedent to a condemnation, such as "reasonable impracticability," the condemnor bears the burden of proof.

No error is evident in the trial court's allocation of the burden of proof on the objecting party. We consistently hold "[t]here is a strong presumption that the condemnor has acted properly." *Appeal of Waite*, 163 Pa.Cmwlth. 283, 641 A.2d 25, 28 (1994). *See also, In re Condemnation of Lands of Laughlin*, 814 A.2d 872 (Pa. Cmwlth.2003); *Harford Township v. Bandurick*, 660 A.2d 189 (Pa.Cmwlth.1995); *In re Heim*, 151 Pa.Cmwlth. 438, 617 A.2d 74 (1992); *Pidstawski v. S. Whitehall Township*, 33 Pa.Cmwlth. 162, 380 A.2d 1322 (1977) ("Furthermore, there is a strong presumption that the municipality has acted properly . . . and the burden is heavy upon one attempting to show an abuse of discretion"). This presumption is particularly applicable in circumstances, such as these, where the statute makes specific reference to the "judgment of the commissioners." 53 P.S. § 57402.

*Northwestern Lehigh Sch. Dist.* and *Kameroski* involved condemnations subject to the specific requirements of either the Agricultural Area Security Law[7] or the Urban Redevelopment Law.[8] The requirements of those acts are not analogous to the "reasonably impracticable" finding required by Section 2402 of the Township Code.[9] Section 2402 of the Township Code

---

condemned are on the same day being lodged for record or filed in the office of the recorder of deeds in such county in accordance with section 404 of this act.

   (6) A statement of the nature of the title acquired, if any.

   (7) A statement specifying where a plan showing the condemned property may be inspected in the county in which the property taken is located.

   (8) A statement of how just compensation has been made or secured.

26 P.S. § 1–402.

**7.** Act of June 30, 1981, P.L. 128, 3 P.S. §§ 901—915.

**8.** Act of May 24, 1945, P.L. 991, *as amended*, 35 P.S. §§ 1701—1719.

**9.** This Court recently held that, even under the Urban Redevelopment Law, the burden is on the party challenging the municipal action to prove the insufficiency of a condemnor's finding regarding a statutory prerequisite to a

is an enabling statute establishing a township's power to condemn property for use in the construction of sewage and drainage systems. It specifically invokes the "judgment of the commissioners." As stated above, their judgment is presumed valid and is beyond the review of this Court or the trial court. *Matter of Chesapeake Estates Partnership*, 701 A.2d 313 (Pa. Cmwlth.1997) (citing *Weber*).

Because the controlling statutes in *Northwestern Lehigh Sch. Dist.* and *Kameroski* are materially different from Section 2402 of the Township Code, those cases are not dispositive here. The trial court properly held it was Landowners' burden to prove Condemnor acted with "fraud, collusion, bad faith, or abuse of discretion." *Matter of Chesapeake Estates Partnership.* 701 A.2d at 317. Since the burden was theirs and they elected not to present any evidence, the trial court correctly dismissed Landowners' preliminary objections.

Accordingly, the trial court's order is affirmed.

Judge COHN did not participate in the decision in this case.

### ORDER

AND NOW, this 28th day of April, 2003, the order of the Court of Common Pleas of Lehigh County is AFFIRMED.

taking. *Arrington v. Urban Redevelopment* *Auth.,* 822 A.2d 135 (Pa.Cmwlth.2003).