829 A.2d 1235 (2003)
In re CONDEMNATION OF THE STORMWATER MANAGEMENT EASEMENTS, Rights-of-Way and Rights with respect to the property known as Real Estate Parcel XX-XX-XXX in the Borough of Phoenixville, Chester County, Pennsylvania
v.
VALLEY FORGE RAILWAYS, LTD., Appellant.
Commonwealth Court of Pennsylvania.
Submitted on Briefs July 11, 2003.
Decided August 12, 2003.
Joseph A. Ciccitto, Collegeville, for appellant.
Glenn R. Diehl, West Chester, for appellee.
BEFORE: PELLEGRINI, Judge, SIMPSON, Judge, and MIRARCHI, JR., Senior Judge.
PELLEGRINI, Judge.
Valley Forge Railways, Ltd. (Condemnee) appeals from a order of the Court of Common Pleas of Chester County (trial court) denying its petition to reinstate a condemnation matter terminated for lack of activity pursuant to Chester County Rules of Civil Procedure (C.C.R.C.P.) 249.2[1] and Pennsylvania Rules of Judicial *1236 Administration (Pa. R.J.A.) 1901.[2]
On August 9, 1996, the Borough of Phoenixville (Condemnor) filed a declaration of taking regarding certain property located in that borough. With that filing, Condemnor took easements and rights-of-way on a portion of a parcel of property owned by Condemnee and identified as real estate tax parcel XX-XX-XXX, which was formerly used as part of a railroad line. The easements and rights-of-way were to be used as part of Condemnor's stormwater management project. Condemnee did not file any preliminary objections to the declaration of taking.[3]
On November 2, 1998, pursuant to Pa. R.J.A 1901, a notice of inactivity was sent to the parties informing them that the declaration of taking would be dismissed because it had been inactive for two years unless they notified the Chester County Prothonotary that the action was to continue. Condemnor informed the Prothonotary that the case was still active and it was not dismissed. On November 29, 2000, a second notice of inactivity was sent by the Prothonotary to the parties, and when neither party responded, the case was dismissed on February 13, 2001, for inactivity.
On June 17, 2002, Condemnee filed a petition for appointment of viewers. Both parties appeared before the trial court on August 6, 2002, but because the action had been dismissed, the hearing was continued and Condemnee was granted ten days to file a petition to reinstate the matter. Condemnee timely filed a petition to reinstate, and at the hearing, Condemnee argued that it was the responsibility of Condemnor to maintain the action, and Condemnor failed to do so causing the case to be terminated. Condemnee further argued that it was never paid for the property Condemnor took, and pursuant to 42 Pa.C.S. § 5527,[4] it had six years within which to file a petition for appointment of a board of viewers in order to set a just compensation for the taking of the property. Finally, *1237 Condemnee argued that it never received the second notice of inactivity mailed in November 2000. Condemnor argued that the action was properly dismissed pursuant to Pa. R.J.A.1901 and C.C.R.C.P. 2492.2, and that it was Condemnee's responsibility to take the necessary action to be reimbursed for the taking of the property.
Relying on Setty v. Knepp, 722 A.2d 1099 (Pa.Super.1998), the trial court stated that once an action had been dismissed under Pa. R.J.A.1901, the burden was upon the former plaintiff, in this case, the Condemnee, to prove there was good cause for reinstating the matter by showing that: 1) the petition for reinstatement was timely filed; 2) a reasonable explanation existed for the docket inactivity; and 3) facts existed supporting a meritorious cause of action. As to the timely filing of the reinstatement petition, the trial court then found that the record was devoid of evidence that Condemnee had not received the second termination notice. Regarding the docket inactivity, the trial court found that the record was silent as to why Condemnee waited until six years had passed before taking any action to obtain compensation and why no action was taken on the matter between 1996 and 2001 when the action was dismissed. Finally, regarding the meritorious cause of action, the trial court found that Condemnee offered no evidence of the value of the condemnation or even alleged any compensable loss due to the condemnation. Because Condemnee failed to satisfy the three requirements for a reinstatement of the action, the trial court denied Condemnee's petition. This appeal followed.[5]
Condemnee contends that the trial court erred in finding that this matter was properly terminated under C.C. R.C.P. 249.2 and Pa. R.J.A.1901 because the filing of a declaration of taking was the process by which a governmental entity acquired property without consent. In effect, it argues that a declaration of taking does not commence an action, but does what its title states"declares a taking." We agree.
The purpose of filing a declaration of taking is to take property. Such a filing determines the time when the condemnation is effected and when title passes to the condemnor. Fetter v. Department of Transportation, 38 Pa. Cmwlth. 535, 394 A.2d 657 (1978). The filing of a declaration of taking in no way signifies that any further action must be taken by either party on the matter. While the condemnee may file preliminary objections within 30 days of the taking to stop the condemnation as being improper, that action is not required.[6] More importantly, though, the declaration of taking is the only evidence that exists to prove a taking has occurred, and without that filing, there is no taking. While we understand the trial court's effort to make sure the parties diligently attend to their cases, because there would be no taking without the filing of the declaration of taking and no action was needed to be taken by anyone once the declaration was filed, the declaration should have been reinstated.[7] *1238 Accordingly, the decision of the trial court is reversed and the declaration of taking is reinstated.

ORDER
AND NOW, this 12th day of August, 2003, the order of the Court of Common Pleas of Chester County dated December 13, 2002, is reversed and the declaration of taking filed by the Borough of Phoenixville, Chester County, Pennsylvania and the Petition for the Appointment of Viewers are reinstated.
NOTES
[1] C.C. R.C.P. 249.2 provides the following:

(a) In accordance with Rule 1901 of the Pennsylvania Rules of Judicial Administration, the Prothonotary shall prepare from time to time but no less frequently than once per year, a list of all civil matters in which the docket of the matter shows no evidence of activity during the previous twenty-four (24) months or longer. The Prothonotary shall give notice to counsel of record and to unrepresented parties in the listed matters that the matter is subject to dismissal for lack of activity. The notice shall be sent by first class mail to the last known address of counsel of record or unrepresented parties, shall set forth a brief identification of the matter to be dismissed and the date of dismissal which shall not be less than thirty (30) days after the date of the notice, shall be accompanied by an activity status certificate, and shall advise the parties that unless an activity status certificate is filed prior to the dismissal date, the matter will be dismissed without further notice.
(b) If no active status certification is filed in a listed matter prior to the dismissal date, the Court shall enter an order as of course dismissing the matter with prejudice for failure to prosecute.
[2] Pa. R.J.A. 1901(a) provides:

It is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.
[3] Pursuant to Section 406(a) of the Eminent Domain Code, Act of June 22, 1964, P.L. 84, as amended, 26 P.S. § 10406(a), the condemnee may file preliminary objections to the declaration of taking within 30 days after being served with the notice of a condemnation, and are the exclusive method of challenging (1) the power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated; (2) the sufficiency of the security; (3) any other procedure followed by the condemnor; or (4) the declaration of taking. "Preliminary objections in eminent domain proceedings serve a different purpose than preliminary objections filed in other civil actions. [Citations omitted.] In eminent domain cases, preliminary objections are intended as a procedure to resolve expeditiously the factual and legal challenges to a declaration of taking before the parties proceed to determine damages." In Re A Condemnation Proceeding by South Whitehall Township, 822 A.2d 142, n. 3 (Pa.Cmwlth. 2003).
[4] 42 Pa.C.S. § 5527 provides:

Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years.
[5] Our scope of review of the trial court's order terminating a case under Pa. R.J.A.1901 for lack of activity is whether the trial court committed a manifest abuse of discretion in terminating the action. Matusow v. Zieger, 702 A.2d 1126 (Pa.Cmwlth. 1997).
[6] Even if some action was required by Condemnee once the declaration of taking was filed, Condemnee could have waited 21 years before filing a de facto taking pursuant to 42 Pa.C.S. § 5530(a)(3) and was under no obligation to take action within two years. Condemnee also could have opted to wait six years before filing a petition for an appointment for a board of viewers pursuant to 42 Pa.C.S. § 5527. See also Captline v. County of Allegheny, 662 A.2d 691 (Pa.Cmwlth. 1995).
[7] For these same reasons, there was no necessity for the Condemnee to prove damages at the reinstatement hearing.