## In re Condemnation Proceeding

*Richard L. Bazelon* and *Michael A. Shapiro*, for appellant.

*Laura Walsh Kern*, for appellee.

CEISLER, *J.*, Sept. 19, 2014—The instant appeal, filed by condemnees-appellants James E. Dupree and Anita Brook Dupree (hereinafter "appellants"), stems from this court's June 26, 2014 order, which reaffirmed this court's original order overruling of appellants' preliminary objections in their entirety and denied appellants' request to amend their preliminary objections.

## I. PROCEDURAL HISTORY AND FACTS

On December 27, 2012, condemner-appellee Philadelphia Redevelopment Authority (hereinafter "appellee" or "RDA"), filed a declaration of taking and recorded a notice of condemnation, seeking to acquire a number of blighted properties in Philadelphia's Mantua neighborhood, in order to redevelop them for commercial and residential use. Declaration of taking at 2. This condemnation action included, among others, three parcels owned by appellant: 3617, 3619, and 3621 Haverford Avenue (hereinafter collectively referred to as "property"). *Id.* at 2, Ex. B. Appellants operate an art studio, gallery, and teaching facility consisting of a *single*

building that spans 3617 and 3619 Haverford Avenue, while 3621 Haverford Avenue is an unimproved lot. Appellee's Br. at 2; appellants' Br. at 2.

Appellants filed preliminary objections on February 7, 2013, arguing that both the notice of condemnation and the declaration of taking were fatally deficient. On February 28, 2013, appellee filed an answer to appellants' preliminary objections. In an order dated July 17, 2013 (hereinafter "July 17, 2013 order"), this court scheduled a hearing regarding the sufficiency of appellee's bond and overruled appellants' remaining preliminary objections. On August 16, 2013, both parties stipulated to the withdrawal of appellants' preliminary objection to appellee's bond. On the same day, appellants filed a notice of appeal with the Commonwealth Court of Pennsylvania regarding this court's July 17, 2013 order.

On August 19, 2013, this court ordered appellants to file a statement of errors complained of, pursuant to Pa. R.A.P. 1925fb). In the statement of errors, appellants contended, among other issues, that the court erred in overruling its preliminary objections because the declaration of taking did not authorize the condemnation of the property, and the notice of condemnation was defective as to the condemnation of the property. In response to the statement of errors, this court filed an opinion on November 5, 2013. In preparing the opinion, this court became aware, for the first time, that the ordinance of September 14, 2006 (hereinafter "ordinance"), upon which appellee relied for the authority to condemn the property, did not include one of the three parcels, 3617 Haverford Avenue, on the list of parcels authorized for condemnation. Ceisler Opinion 11/5/2013 at 3. Because neither party had addressed this omission, this court raised the issue *sua sponte* in its opinion and requested that the appeal be remanded

in part, so the parties could address the limited issue of this parcel's absence from the ordinance. *Id.* As for the remainder of the preliminary objections addressed in this court's first opinion, this court requested that the appeal be denied for the reasons set forth at length therein.[1] *Id.* The parties subsequently filed a joint application for remand, and the Commonwealth Court granted the application on January 31, 2014, thereby remanding the appeal to this court.

On February 19, 2014, pursuant to the Commonwealth Court's decision to remand the appeal, this court scheduled a hearing for April 23, 2014. The court's Scheduling order directed the parties to address the following discreet issue at the hearing "appellee's authority to condemn 3617 Haverford Ave." Scheduling order 2/19/2014 at 1.

At the hearing, although both parties were informed that the court would only address appellee's authority to condemn 3617 Haverford Avenue, appellants immediately informed the court that they wished to present evidence unrelated to this issue and raise additional preliminary objections. *See* N.T. 4/23/14 at 6:1-9; 11:1-5; 12:9-18. Appellants argued that if the court heard evidence as to one issue, the record would be opened in its entirety, creating a "*de novo* situation" as to all legal issues in the case. *See id.*, at 6:9-12; 18:3-16.

Appellee, by contrast, averred that 3617-3619 Haverford Avenue is a single stand-alone building, and that omitting 3617 Haverford Avenue from the condemnation action would essentially require that this single building

---

1. Appellants have reiterated arguments in their instant statement of errors related to whether there was proper notice for the condemnation. *See* Statement at 1-2. Because this court previously found that the notice given was proper as to all three parcels of the property, it does not repeat that reasoning here. *See* Ceisier Opinion 11/5/2013 at 8-11.

be cut in half, so to speak, with only a portion of a single building escaping condemnation — an obviously absurd and unintended outcome. *See id.* at 14:9-15, 23-25; 15:1-3. Appellee sought to support this argument by calling Tania Nicolic, the RDA's Deputy Executive Director of Development. *See id.* at 27:8-29:2; however, because appellants repeatedly argued that they should be able to raise preliminary objections outside of this issue, the court directed the parties to submit supplemental briefs on the issues of (1) whether there was law stating that the omission of 3617 Haverford Avenue was fatal to the condemnation plan and (2) whether the court should allow new preliminary objections. *See id.* at 25:6-15; 30:21-25; 31:12-18.

On May 14, 2014, appellants submitted their brief in response to these questions, and on May 23, 2014, appellee submitted its brief in response. After consideration of oral arguments and the briefs, the court reaffirmed its July 17, 2013 order overruling appellants' preliminary objections in their entirety and, in addition, denied appellants' request to amend their preliminary objections. Ceisler Order 6/26/2014 at 1. On July 24, 2014, appellants filed the instant appeal to the Commonwealth Court. On that same day, this court ordered appellants to file a detailed and itemized statement of errors complained of (hereinafter "statement"), pursuant to Pa. R.A.P. 1925(b).

Appellants' statement is reproduced, verbatim, herein:

1. The court erred on remand in re-affirming its order overruling the preliminary objections filed by the condemnees.

2. The court erred in re-affirming its order overruling preliminary objections as to condemnation of 3617

Haverford Avenue because the ordinance of the City of Philadelphia signed by the mayor on September 14, 2006, which approved the thirteenth amended Redevelopment and the tenth amended urban renewal plan for the redevelopment of the Mantua Urban Renewal Area (hereinafter, the "redevelopment proposal"), did not authorize the condemnation of the 3617 Haverford Avenue.

3. The court erred in re-affirming its order overruling the preliminary objections as to the condemnation of 3617 Haverford Avenue where the Philadelphia City Council's published notice of public hearing advertising a hearing upon the redevelopment proposal did not describe the 3617 Haverford Avenue by boundaries and by city block, street and house number as required by 35 P.S. §1710(g) for description of "that portion of the redevelopment area affected by the proposal."

4. The court erred in re-affirming its order overruling the preliminary objections as to the condemnation of 3617 Haverford Avenue where the Philadelphia City Council's published notice of public hearing advertising a hearing upon the redevelopment proposal did not describe the 3617 Haverford Avenue by boundaries and by city block, street and house number as required by 35 P.S. §1710(g) for description of "that portion of the redevelopment area affected by the proposal."

5. The court erred in re-affirming its order overruling preliminary objections as to condemnation of 3617 Haverford Avenue where the redevelopment proposal did not otherwise provide a specific notice to Condemnees of 3617 Haverford Avenue's future condemnation.

6. The court erred in its interpretation that the Commonwealth Court's order remanding the case required this court to take additional evidence on remand,

7. The court erred in re-affirming its order overruling preliminary objections as to condemnation of 3617 Haverford Avenue by considering purported "additional evidence" submitted by the redevelopment authority on remand, as the purported evidence is irrelevant and inadmissible; the condemnees, despite their request at the April 23, 2014 hearing, were not allowed to cross-examine the redevelopment authority's witness, including with respect to the documents; and the documents were never entered into evidence and are not part of the record on preliminary objections.

8. The court erred by not permitting to the Condemnees to present additional evidence and raise new matters in opposition to the condemnation even though the court considered new materials submitted by the redevelopment authority on remand in support of the condemnation.

## II. DISCUSSION

This court respectfully requests that the instant appeal be denied for the following reasons:

1. The court allowed both parties adequate opportunity to address the issue of whether appellee was authorized to condemn 3617 Haverford Avenue before reaching its decision;

2. The court was not required to consider appellants' additional preliminary objections because appellants did not show cause for the failure to timely file these

objections.

A. Both parties had adequate opportunity to address whether the condemnation of 3617 Haverford Avenue was authorized.

On remand, this court's focus was on the discreet issue of whether appellee was authorized to condemn 3617 Haverford Avenue since this court raised the issue sua sponte upon realizing that this parcel was omitted from the ordinance. Ceisler Opinion 11/5/2013 at 3. At the April 23, 2014 hearing, both parties acknowledged that this was the sole issue that the court wished to address. N.T. 4/23/14 at 5:10-16; 21:24-25; 22:1. Appellants now contend that this court acted improperly in limiting the remand to this one issue and in taking additional evidence from appellee addressing this issue. Statement at 2; N.T. 4/23/14 at 19:15-22. Appellant errs for several reasons. First, the Commonwealth Court's order did not limit the issues that this court could address on remand. Second, upon remand, this court gave both parties the opportunity to address whether the condemnation of 3617 Haverford Avenue was authorized.

The precise reason for this court's remand request was clearly stated in the court's original opinion. There was no ambiguity as to the single issue that needed resolution. Furthermore, the Commonwealth Court's order allowing the remand did not define the issues to be addressed by this court, merely stating that the instant matter was remanded "for such action as the court deems necessary including Issuance of a new order," and thereby granting this court broad latitude to address the matter as it saw fit. Commonwealth Court order 5/8/2014 at 1. Accordingly, this court exercised this grant of discretionary authority to establish the exact scope of the remand, stating in the

scheduling order that the hearing would address the narrow issue of "appellee's authority to condemn 3617 Haverford Avenue," Scheduling Order 2/19/2014 at 1, a question that *neither* party had theretofore addressed. *See* N.T. 4/23/14 at 7:17-24. In particular, on remand, this court sought further information of the effect, if any, of failing to list 3617 Haverford Avenue in the condemnation ordinance. This court convened the hearing on April 23, 2014 to allow appellee to present the reasoning for the parcel's absence from the ordinance, and to allow appellants to respond. *See id.*, at 10:4-14; 22:14-15, 17-21. At this hearing, appellee persuasively argued that 3617-3619 Haverford Avenue is one building. *Id.* at 13:16-17:6. Additionally, appellee attached exhibits to its supplemental brief showing that appellants purchased the entire property, consisting of 3617, 3619, and 3621 Haverford Avenue, in a single transaction, that the property has always been treated as a single tax parcel, and that appellants' building physically encompasses both 3617 and 3619 Haverford Avenue. *See* appellee's Br. at 5, Ex. 1 at 4, Ex. 2, Ex. 3. *Appellees have never challenged these records or assertions.* As such, this court immediately recognized that to omit from the condemnation this *partial* section of the *single* building would result in a patently absurd outcome, understanding that there were reasonable and logical explanations as to why 3617 Haverford Avenue could have been omitted. Finally, the court determined that the appellees were not harmed or prejudiced in any way by this inadvertent omission as they were on full notice that their property was going to be condemned as part of the larger condemnation action. This is made obvious by the fact that not even the appellees' themselves noticed the omission or ever raised the issue. They had a full and fair chance to challenge the condemnation via preliminary objections and availed themselves of this opportunity.

Appellants further argue that this court limited the scope of the remand by its language in its November 5, 2013 opinion stating that the preliminary objection "should have been sustained." Appellants have focused on the language in this opinion that states:

Thus, it appears that...said ordinance did not allow for the taking of 3617 Haverford Avenue. Accordingly, this court is of the belief that it should have sustained this preliminary objection as to the latter property. Thus, this court respectfully requests that the Commonwealth Court remand this matter, for the sole purpose of allowing this court to modify its July 17, 2013 order to that effect.

Ceisler Order 11/5/2013 at 6. Appellants argue that this language required this court to change the wording of its July 17, 2013 order to reflect that this preliminary objection was sustained. N.T. 4/23/14 at 5:4-18; 6:1-5; 18:17-22; Appellants' Br. at 5; however, this is not an accurate reading of the opinion. This court was merely "of the belief that the objection should have been sustained at the time of that opinion; and for that reason, ordered that the parties appear at a hearing to address the issue. Only after oral argument, and review of the supplemental briefs, did this court decide to re-affirm the overruling of the objection. To do otherwise would have caused a patently absurd result — the partial condemnation of a single building. For that reason, this court did not err, after remand, by conducting a substantive review regarding this issue and deciding to reaffirm the July 17, 2013 order in its entirety.

Appellants also argue that this court erred because "at the April 23, 2014 hearing, [appellants] were not allowed to cross-examine the [RDA's] witness, including

with respect to the documents; and the documents were never entered into evidence and are not part of the record on preliminary objections." Statement at 2. Contrary to appellants' assertions, both parties were given ample opportunity to address the narrow issue before it on remand, both at the hearing and in their supplemental briefs. Furthermore, appellants have never questioned that fact that their building spans both 3617 and 3619 Haverford Avenue. Appellants could have rebutted that argument at the hearing, but chose instead to use that hearing to address other issues. *See* N.T. 4/23/14 at 18:2-26:13; 29:10-32:22.

Appellants next argue that by inadvertently omitting 3617 Haverford Avenue, appellee also failed to comply with the statutory requirement that the notice of public hearing describe the affected redevelopment area "by boundaries and by city block, street and house number." Statement at 1-2 (citing 35 P.S. § 1710(g)). Although it is true that appellee did not follow the letter of 35 P.S. §1710(g), it appears that the purpose of this statute, as interpreted through *Redevelopment Authority of Scranton v. Kameroski*, 616 A.2d 1102 (Pa. Cmwlth. Ct. 1992), has been satisfied. In that case, the redevelopment authority of the City of Scranton ("SRA") authorized the condemnation of the Samter Building and 227 Lackawanna Avenue, adjacent properties which were accessible by the same stairwell, but omitted the latter property from the redevelopment plan. *Id.* at 1103-04. The trial court held that the redevelopment plan did not include the condemnation of 227 Lackawanna Avenue, and the SRA appealed, arguing that this property was adequately described in the plan because it was physically connected to the Samter Building. *Id.* at 1104. The Commonwealth Court upheld the trial court's ruling, emphasizing that both the prior

owner and the current owner of the property did not know that the property was subject to condemnation, due to its absence from the redevelopment plan and the absence of any legal relationship between the two properties. let at 1104.

Per the court in *Kameroski*, the purpose of the requirements under 35 P.S. § 1710(g) is to ensure that Condemnees are given adequate notice of the consequences of a redevelopment plan impacting their properties. Here, as contrasted with the Condemnees in *Kameroski*, appellants were fully aware of the consequences of the RDA's redevelopment plan: their studio building would be condemned. Appellants have not contradicted this point, nor have they presented evidence showing that the portions of the studio on 3617 Haverford Avenue and 3619 Haverford Avenue are legally, or functionally, separate. This is in contrast to *Kameroski*, where the SRA's development plan omitted an entire, separately-owned, essentially distinct property, depriving that property's owner of notice regarding its condemnation. Thus, although appellants argue that the RDA has not complied with the statutory requirements for the notice of public hearing as to 3617 Haverford Avenue, the RDA satisfied the true purpose of those requirements through the inclusion of 3619 and 3621 Haverford Avenue, which notified appellants that their building and adjacent vacant lot would be condemned. The fact that appellant's timely filed extensive preliminary objections at the time of the notification of the condemnation is proof that they were on notice of the taking. Also, it is noteworthy that the appellees never raised this issue.

This court has found no evidence suggesting that the condemnation of 3617 Haverford Avenue was unintended or unauthorized. As explained by the appellants, the

omission of this parcel number was an inadvertent and understandable error in light of the fact that this was a single building that was taxed by the City of Philadelphia as a single parcel. Additionally, the evidence established that the 3617 parcel was clearly understood, by all parties, including the *condemnees* themselves, to be part of the condemnation plan. *See* N.T. 4/23/14 at 14:9-15, 23-25; 15:1-3; Appellee's Br. at 6. Accordingly, this court found that the condemnation of 3617 Haverford Avenue was authorized and, accordingly, reaffirmed its July 17, 2013 order overruling appellants' preliminary objections in their entirety. Ceisler Order 6/26/2014 at 1.

B. Appellants Have Not Shown Cause for Failure to Timely File New Preliminary Objections

Appellants next argue that since the court "considered new materials" submitted by appellee on remand, appellants should be permitted to present new materials and raise new preliminary objections. Statement at 3; N.T. 4/23/14 at 6:1-9; Appellants' Br. at 11-15.

Pennsylvania's Eminent Domain Code provides a thirty-day period within which a party may file preliminary objections to a declaration of taking. 26 Pa. C.S. § 306(a)(1). These "preliminary objections shall be raised at one time and in one pleading," and the party's failure to raise an issue, in such a filing and in a timely fashion, results in its waiver. *Id.* at §§ 306(b),(d). The Commonwealth Court has held that a trial court may "at its discretion" allow amendments to preliminary objections filed pursuant to the Eminent Domain Code "in the absence of an error of law or prejudice to the adverse party." *In the Matter of Condemnation by the Twp. of Upper St. Clair*, 587 A.2d 907, 909 (Pa. Cmwlth. Ct. 1991) (citing *Dep't of Transp. v. Schode*, 433 A.2d 143, 145 (Pa. Cmwlth. Ct. 1981));

*see also Lower Perkiomen Valley Reg'l Sewer Auth. v. Beyer*, 2681 C.D. 2010, 2011 WL 10893859, *2, n.13 (Pa. Cmwlth. Ct. Nov. 21, 2011) (citing the foregoing two cases for the same proposition although Section 406 of the Eminent Domain Code, relied upon by those cases, is now codified under Section 306 of the current Eminent Domain Code).

However, the Eminent Domain Code only permits a court to extend the time for filing preliminary objections if "cause" is shown. 26 Pa. C.S. § 306(a)(2). Pennsylvania trial courts have prohibited Condemnees from filing additional preliminary objections if the cause shown is not "sufficient." Appeal of McCoy, 621 A.2d 1163, 1165 (Pa. Cmwlth. Ct. 1993) (upholding the trial court's denial of additional preliminary objections because mistakes by former legal counsel were not "sufficient cause"); *see also In re Condemnation of .036 Acres, More or Less, of Land Owned By Wexford Plaza Assoc.*, 674 A.2d 1204, 1207-08 (Pa. Cmwlth. Ct. 1996) (affirming the trial court's overruling of amended preliminary objections as untimely and without "excuse for the late filing"). *Cf. Schode*, 433 A.2d at 145 (upholding the trial court's sustaining of amended preliminary objections as "servpng] the administration of justice" because the amended objections were filed only a week later and within the thirty-day period).

In the instant matter, appellants seek to add two additional preliminary objections related to "whether the December 27, 2012 condemnation was for a public purpose" and whether "a condemnation premised on a 49-year old blight determination is unconstitutional and against public policy." Appellants' Br. at 13-14. In their brief, appellants detail the merits of these issues, however they failed to provide any reason for raising

these preliminary objections fifteen months after their initial preliminary objections, instead of within the permitted thirty-day period. Given the untimely nature of the proposed amendments to appellants' preliminary objections and the very limited scope of the court's consideration of the instant matter on remand, this court in its sound discretion denied appellants' request to amend its preliminary objections. Ceisler Order 6/26/2014 at 1.

## III. CONCLUSION

For the aforementioned reasons, this court respectfully requests that the instant appeal be denied.